## Gue *versus* Kline & Reifsnyder.

In an appeal from the judgment of a justice of the peace, in a suit *by B alone*, it is not error in the court to permit an amendment in the style of the suit of A and B, late partners, to the use of B; thus substituting another person as a legal plaintiff, but not changing the cause of action.

The acceptance of a due bill on settlement, and the giving of a receipt in full, for the due bill, is only *prima facie* evidence of settlement, and not conclusive, and may be explained by parol evidence.

ERROR to the Common Pleas of *Montgomery county*.

This was an action brought originally before a justice of the peace, by Moses Reifsnyder, in his name alone, against Robert Gue. The case was referred, and the referees made an award, upon which judgment was entered, and from which the defendant appealed. A narr. was filed for money had and received, and defendant pleaded *non assumpsit* and payment. The cause being at issue, the court after objection, permitted the plaintiff to amend his suit, by substituting as plaintiffs Jesse Kline and Moses Reifsnyder, late partners, to the use of Moses Reifsnyder; and this formed the first bill of exceptions.

Robert Gue made an agreement in writing with the Reading Railroad Company, as follows:

I agree to lay down the track, fill in between the sills, open the ditches, and finish in a neat and workmanlike manner, strictly according to the direction of the engineers and superintendent, such portion of the Philadelphia and Reading Railroad as may be assigned me, at 30 cents per sill. It being understood that any cutting or filling which may be necessary, from the grades of the road being too high or too low, at any point, is to be considered as extra work, and paid for as such, and the sills, iron, stone, &c.

[Gue *v.* Kline and Reifsnyder.]

for laying the track, are to be delivered at the most convenient accessible points along the line of the road. It is further understood and agreed that the engineer or superintendent of the Philadelphia and Reading Railroad Company, or some one to be appointed by him, is to be inspector of this work, to determine when it is progressing according to the provision of the agreement, and should any portion of it be executed in an inferior or unworkmanlike manner, he shall be at liberty to make such deductions from the amount herein agreed to be paid for the same as he may consider fair and reasonable.

This contract to extend from the 6th to the 8th mile post below Pottstown, or two miles.

I hereby bind myself to complete fully the above.

ROBERT GUE.

Afterwards an agreement was made between Robert Gue, Jesse Kline, and Moses Reifsnyder, as follows:

Agreement made the 20th day of March, A. D. 1844, between Robert Gue, of the borough of Pottstown, of the one part, and Jesse Kline and Moses Reifsnyder, of the other part, Witnesseth, That the said Jesse Kline and Moses Reifsnyder agree and contract with the said Robert Gue, to lay the sills on the track of the two miles of the Railroad, beginning at the mile post near the Shantz Ford road, one mile of which said road the said Kline and Reifsnyder to furnish the stone, the other mile the stone to be furnished by the said Robert Gue. All which said work to be done in the time and manner in every respect the same as Robert Gue's contract with the Railroad Company. The said Robert Gue to pay the said Jesse Kline and Moses Reifsnyder, at the rate of twenty cents per sill for the laying and finishing the said road, and for the stone at the rate of 40 cents per perch. And all extra work done by the said Kline and Reifsnyder, to be paid for agreeable to the estimate of the engineer. And it is further agreed that the said Kline and Reifsnyder is to purchase a certain black horse from the said Robert Gue, at the sum of thirty-five dollars, to be delivered on or about the 30th instant. The said Kline and Reifsnyder to receive their money at the time when the estimates is made. In witness whereof the said parties have hereunto set their hands and seals, the day and year above written.

ROBERT GUE, [L. S.]
JESSE KLINE, [L. S.]
MOSES REIFSNYDER, [L. S.]

Sealed and delivered in the presence of
    *John Thompson.*

It was alledged on the part of plaintiff, that Gue, with the knowledge and consent of Kline and Reifsnyder, took John Hart-

ranft as a partner. This was denied on the part of defendant, but it was asserted that Hartranft was and acted as the agent of *Gue*, in the matter.

Plaintiff's counsel alledged that Kline and Reifsnyder completed the work, receiving payments on account as the work progressed, from John Hartranft. That after the work was finished, they went to Gue to settle, but could not do so. At length it was agreed that they would settle the matter with Hartranft; they did so, and a settlement was made, both parties having their accounts. There was found to be due to Kline and Reifsnyder $300. For this amount, Hartranft gave them a due bill, as follows:

POTTSTOWN, December 21, 1844.

Settled with Jesse Kline and Moses Reifsnyder, all accounts concerning the railroad. Balance due them, three hundred dollars, payable January 1, 1845.

$300.]                                        JOHN HARTRANFT.

Endorsed:
' January 1, 1845, Received on this due bill one hundred dollars.
MOSES REIFSNYDER.

It was alledged on the part of plaintiff, that an understanding existed at the time of the giving the due bill, that if there was an error in the number of sills, it should be corrected. Reifsnyder complained at the time, that they were not willing to allow them for as much extra work as he thought they ought to be allowed, when Hartranft said if they would be satisfied, he would pay them each five dollars, not that he and Gue owed it to them, but make them a present of it; he would pay it out of his own pocket. Each took the five dollars, and they took the due bill. On the 1st January, 1845, Hartranft paid $100 on account of the due bill, and Reifsnyder endorsed a receipt; and on the 8th of the same month, he paid $193 80, after deducting an error of $6 20 on sills; and for this Moses Reifsnyder endorsed a receipt in full, and gave up the due bill. The following is the receipt:

Received, January 8, 1845, from John Hartranft, one hundred and ninety three dollars and eighty cents, which is considered in full for the within bill, after deducting an error of six dollars and twenty cents.

$193 80.]                                     MOSES REIFSNYDER.

The plaintiff offered the contract between Gue and the Philadelphia Railroad. Defendant objected: Admitted and defendant excepts. Contract between Gue, Kline and Reifsnyder, offered in evidence; admitted and defendant excepts.

Plaintiff gave in evidence assignment of Kline to Reifsnyder of all his interest in the contract, dated 13th July, 1845.

He also offered the final estimate between the Philadelphia and

[Gue *v.* Kline and Reifsnyder.]

Reading Railroad Company, and Robert Gue. Defendant objects; objection overruled, and defendant excepts.

Some parol testimony was given.

The court was asked on the part of the defendant to charge on the following points:

1. The contract upon which this suit is brought, is a contract in writing between Moses Reifsnyder and Jesse Kline and Robert Gue; and as the suit instituted upon it before the justice was by Moses Reifsnyder alone, the plaintiff is not entitled to recover.

2. The due bill given by John Hartranft to Jesse Kline and Moses Reifsnyder, dated Dec. 21, 1844, for $300, and the receipts thereon, are a bar to a recovery in this suit; and the verdict must be for defendant.

3. John Hartranft was a partner of Gue's, and ought to have been joined as defendant in the suit, and therefore the plaintiff cannot recover.

Upon these points the court charged:

That the *first* point of defendant is negatived by the court as not law in the case, and what is stated in the third, ought to have been pleaded in abatement, and cannot now be taken advantage of. To the second point, the court said that the due bill and the receipts were *prima facie* evidence of full satisfaction of the plaintiff's claim, at all events. But mistakes *in fact* are sometimes relieved against in equity and of course in this court, though mistakes in law are not. Where, however, the means of information are open to both parties, and each is presumed to exercise his own skill, diligence and judgment, in matters mutually open to them, equity does not relieve. Where facts are unknown equally to both parties, or where each has an equal adequate information or means of information, or where the facts are doubtful from their own nature, and the parties have acted in entire good faith, mistakes are not corrected. *Story's Equity,* § 149, 150. And if this were the case, when the plaintiff made the settlement with Hartranft, this point of the defendant is a correct statement of the law, in the case. Whether it was so or not, is a matter of fact for the jury to determine, from the evidence.

Verdict for plaintiff for $92 52.

Specification of errors:

1. The court erred in permitting the plaintiff to change the style of his action from "Moses Reifsnyder against Robert Gue," to "Jesse Kline and Moses Reifsnyder, late partners, to the use of Moses Reifsnyder, against Robert Gue."

2. The court erred in their charge to the jury upon the first point submitted by the defendant.

[*Gue v.* Kline and Reifsnyder.]

3. The court erred in admitting the evidence mentioned in the defendant's 1st, 2d, 3d and 4th bills of exception.

4. The court erred in not charging the jury that the due bill given by John Hartranft to Jesse Kline and Moses Reifsnyder, dated Dec. 21, 1844, for $300, and the receipts thereon, are a bar to a recovery in this suit, and the verdict must be for the defendant, as requested by defendant in his second point.

The case was argued by *Mulvany* for plaintiff in error; and by *J. B. Sterigere* for defendant in error.

The opinion of the court was delivered by

COULTER, J.—The amendment permitted by the court below, which is assigned as the first error, was right. All that is necessary in appeals from justices of the peace, when they come into court, is, that the same cause of action should be substantially preserved. It is the duty of the court to permit such amendment as will reach the substantial merits and justice of the case, as it existed before the magistrate. The 4th section of the act of 20th March, 1810, declares in the 2d proviso, that upon any such appeal from the decision of two justices of the peace to the court of Common Pleas, the cause shall be decided in such court on its facts and merits only, and no mistake in the form and manner of the action shall prejudice either party.

The words *two* justices is evidently a mistake made in transcribing the act, because it contains no provision for an appeal from two justices, and the section is especially regulating appeals from one justice under the $100 act, as it is called. But it. has been expressly decided that this proviso relates to appeals from one justice only. 3 *Wharton,* 82. The same cause of action was preserved—the amendment only allowed the names of the legal plaintiffs to be added, so as to make the action for the use of the equitable plaintiff. The same thing has been done before and sanctioned by this court. Lyon *vs.* Chalker, 2 *Watts,* 14; and Comfort *vs.* Leland 3 *Wharton* 82.

The bills of exceptions to evidence are of no account. It is not stated what the grounds of objection were. I cannot perceive any. The matters were relevant and pertinent to the issue, and were part of the *res gesta,* from disinterested sources, so far as it was parol; and so far as in writing, from the parties themselves, against whose interest it was offered.

The answer of the court to the defendant's points was correct. The acceptance of the due bill was, at most, *prima facie* evidence of settlement. But like all instruments of that kind, such as receipts, it was subject to, and susceptible of explanation, and therefore not a conclusive bar to the plaintiff's suit. If the jury were clearly satisfied, from the evidence that the parties who accepted

it under a mistake, prejudicial to their rights, without the same opportunity of knowing and discovering that mistake, which the other party had, and if the other party stood on the vantage ground then, the mistake ought to be rectified. Justice and fair dealing require it, and the law allows it.

Judgment affirmed.