## Swain, Appellant, *v.* Brady.

*Justice of the peace—Appeals—Certiorari—Record.*

The right of appeal from the judgment of a justice of the peace is statutory, and is regulated by the Act of March 20, 1810, 5 Sm. L. 161. Certiorari, on the other hand, is a common-law writ. There is a clear and manifest difference between them. If there be any irregularity in the proceedings, the remedy is by certiorari. If a trial upon the merits is desired an appeal is the proper remedy.

*Justice of the peace—Hearing case outside of jurisdiction.*

Where a justice of the peace has jurisdiction of the subject-matter of a suit, and also of the parties, the fact that he heard the case outside of the jurisdiction, is an irregularity which can only be taken advantage of by certiorari. If an appeal is taken from the judgment the irregularity is waived.

Argued Jan. 20, 1902. Appeal, No. 45, Jan. T., 1902, by plaintiff, from order of C. P. Bradford Co., Dec. T., 1899, No. 173½, dismissing appeal from justice of the peace in case of Joseph Swain. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Appeal from justice of the peace. Before FANNING, J.

From the record it appeared that plaintiff recovered a judgment against the defendant for $87.40 before E. A. Thompson, a justice of the peace. It appeared that the justice was elected and resided in Towanda township. The summons was issued in the township, but the trial was had in the borough of Towanda where the justice had his law office. The defendant appealed from the judgment, and the case was tried on the merits in common pleas, and resulted in a verdict for plaintiff for $92.06. The court reserved a question of law, and subsequently set aside the verdict, and dismissed the case on the ground that the justice by hearing the case outside of Towanda township had no jurisdiction.

*Error assigned* was in dismissing the case.

*I. McPherson*, for appellant.—The trial of the case in the common pleas should have been confined to the merits, as required by the act of March 20, 1810 : Moreland Twp. v. Gordner, 109 Pa. 117; Deihm v. Snell, 119 Pa. 316.

The parol evidence offered on the trial in the common pleas of the fact, that the justice heard the evidence in Towanda borough, should have been excluded or disregarded, if admitted : Rank v. Behney, 5 Pa. Dist. Rep. 783; McKim v. Somers, 1 P. & W. 297; Cornish v. Young, 1 Ashmead, 153.

The appellee by his consent and subsequent conduct waived the irregularity complained of in the conduct of the justice in hearing the evidence where he did for the convenience of the parties and their attorneys.

Where a justice of the peace has jurisdiction of the subject-matter, or cause of action, the conditions essential to the exercise of such jurisdiction may be waived: Wright v. Millikin, 152 Pa. 507: O'Ferrall & Co. v. Moore, 127 Pa. 234; Bollinger v. Gallager, 144 Pa. 205; Spencer v. Bloom, 149 Pa. 106; Gates v. Bloom, 149 Pa. 107; Putney v. Collins, 3 Grant, 72; Hoffman v. Dawson, 11 Pa. 280; Buckmyer v. Dubs, 5 Binney, 29; Weidenhamer v. Bertle, 103 Pa. 448; Bowell v. Gould, 130 Pa. 434; Weeks v. Moyles, 6 Del. Co. Reps. 553; Bristol Mfg. Co. v. Smith, 6 Dist. Reps. 332; Rank v. Behney, 5 Dist. Reps. 783.

The remedy of a person against whom a judgment has been irregularly or illegally entered by a justice of the peace, especially if the justice has jurisdiction of the subject-matter, is by writ of certiorari, not an appeal; Lacock v. White, 19 Pa. 496, 498; Bowell v. Gould, 130 Pa. 437; Gould v. Crawford, 2 Pa. 89.

*E. Overton*, for appellee.—The justice has no jurisdiction over the subject-matter until he has issued his summons, or the parties voluntarily appear before him and the defendant confesses a judgment. Parties are not voluntarily before him when a summons has been issued: Borland v. Ealy, 43 Pa. 111; McDonnell v. Hodgins, 4 Dist. Reps. 305.

The summons must be made returnable at his office in his

district. That gives him jurisdiction over the subject-matter at that place. If he is not at the time named in the summons at that place, he loses jurisdiction over both the person and the subject-matter. Consent can give jurisdiction over the person, but never over the subject-matter: Olson v. Nunnally, 47 Kans. 391; 28 Pac. Repr. 149; Hall v. Shank, 57 Mich. 36; 23 N. W. Repr. 478; Hager v. Falk, 52 N. W. Repr. 432; Share v. Anderson, 7 S. & R. 63; Kettler's Case, 1 Ash. 131; Godfrey v. Linegerger, 18 Pa. C. C. Reps. 408; Com. v. Collom, 1 Pa. Superior Ct. 545.

OPINION BY BEAVER, J., February 14, 1902:

The right of appeal from the judgment of a justice of the peace is statutory. The mode of appeal, the time of its entry and what is to be tried therein are set forth specifically in section 4 of the Act of March 20, 1810, 5 Sm. L. 161, which provides: " That upon any such appeal from the decision, determination or order of two justices of the peace to the court of common pleas or court of quarter sessions in any county, the cause shall be decided in such court on its facts and merits only and no deficiency of form or substance in the record or proceedings returned nor any mistake in the form or name of the action shall prejudice either party in the court to which the appeal shall be made." " The words two justices is evidently a mistake made in transcribing the act, because it contains no provision for an appeal from the justices and the section is especially regulating the appeals from one justice under the hundred dollar act, as it is called; but it has been expressly decided that this proviso relates to appeals from one justice only: Comfort v. Leland, 3 Wharton, 81; Gue v. Kline, 13 Pa. 60." It has been held, however (Township of Moreland v. Gordner, 109 Pa. 116): " It is true, on an appeal from the decision of a justice of the peace to the common pleas the statute provides that the cause shall be decided in the said court on its facts and merits only and no mistake in the form of the action shall prejudice either party in the court to which the appeal shall be made. This, however, assumes that the justice of the peace had jurisdiction of the cause of action: " Deihm v. Snell, 119 Pa. 316.

Certiorari, on the other hand, is a common-law writ. " Upon certiorari to a justice the only thing before the court is the reg-

ularity of the proceedings, as shown by the record, and where the justice has jurisdiction of the subject-matter and there is no evidence of misconduct on his part, there can be no reversal of the judgment upon the facts or the law: " 10 P. & L. Dig. of Dec. 17611, 1903–1915. " The evidence before the justice cannot be considered by the court and, although it is sent up by the justice, it forms no part of the record and will not be considered: " 10 P. & L. Dig. of Dec. 17611, 1918–1922.

There is, therefore, a clear and manifest difference which has been often pointed out between an appeal from the judgment of a justice of the peace and a writ of certiorari to bring up his record. If there be any irregularity in the proceedings, the remedy is by certiorari. If a trial upon the merits is desired, an appeal is the proper remedy : Gingrich v. Sheaffer, 16 Pa. Superior Ct. 299.

In the case under consideration the justice before whom the case was tried undoubtedly had jurisdiction of the cause of action. The justice was elected for and resided in the township of Towanda. After the issuing of the summons, which presumably and according to his testimony was properly issued in the township where he resides, the trial was had in the borough of Towanda where he has his law office. After the trial, at which the defendant appeared and was heard upon the merits, judgment was entered for the plaintiff, from which the defendant appealed. After a trial upon the merits in the court below, the defendant raised the question of the jurisdiction of the justice, so far as the trial before him was concerned, alleging that, having heard the case in his law office in the borough of Towanda and not in the township of Towanda where he resided and within which his jurisdiction was confined, so far as the issuing of process and the trial of causes were concerned, the judgment was a nullity and the plaintiff could not recover in the trial on appeal in the common pleas.

The facts of the case were submitted to the jury who found a verdict for the plaintiff. At the close of his charge, the trial judge in the court below said: " We reserve for further consideration and determination the question as to whether or not the action of the justice was warranted and legal and whether we have jurisdiction to dispose of this case." Subsequently, upon the argument of a motion for judgment upon the verdict,

the court entered the following order: "We, therefore, think that this verdict must be set aside and the case dismissed, and it is so ordered, and rule to show cause why judgment should not be entered on verdict discharged." This order is assigned for error in various forms, but raises the only question involved in the case. It is true, as previously pointed out, that advantage may be taken of the lack of jurisdiction at any time in the course of judicial proceedings, and this has been held to be permissible, even in an appellate court; but such lack of jurisdiction must be fundamental. It must go to the root of the cause of action; but in this case there is no denial of the jurisdiction of the justice over the subject-matter; and, if we look at the evidence, there is no difficulty in reaching the conclusion that the summons was properly issued and the defendant properly brought within the jurisdiction of the justice. He, therefore, had not only jurisdiction of the subject-matter but of the parties as well. The irregularity in the case was hearing the parties, whether for their convenience or not, outside his jurisdiction. This was an irregularity of which the defendant was bound to take advantage by a writ of certiorari. Having appealed, he waived the irregularity and was to be heard only upon the facts and merits of the case. The court below, therefore, erred in overruling the motion for judgment upon the verdict.

After verdict, as appears by the record, the attorney for the defendant moved for and the court granted leave to move for a new trial and file reasons therefor within ten days after question reserved by the court is disposed of. The court, having dismissed the case, this motion for a new trial has never been disposed of and we are asked, in case of a reversal, to return the record, in order that this may be done. For this purpose and to the end that the record may be regular upon its face, we make the following decree: The order of the court, setting aside the verdict and dismissing the case and discharging the rule to show cause why judgment should not be entered on the verdict is reversed and the record is remitted to the court below, in order that judgment may be entered upon the verdict, unless good cause be shown to the contrary.