## Silley v. Burt, Appellant.

*Justice of the peace — Defective service — Waiver — Appeal — Acts of March* 20, 1810, 5 *Sm. L.* 161, *and July* 9, 1901, *P. L.* 614.

Where the defendant in a judgment, entered before a justice of the peace, has taken an appeal, entered an appearance and a plea, and proceeded to trial upon the merits, he will be presumed to have waived any irregularity as to service.

Argued Nov. 10, 1902.   Appeal, No. 130, Oct. T., 1902, by defendant, from judgment of C. P. Lancaster Co., Dec. T., 1901, No. 13, on verdict for plaintiff in case of Herbert Silley v. Arthur Burt.   Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Appeal from justice of the peace.

From the record it appeared that the plaintiff had recovered a judgment before a justice of the peace for wages.   Defendant took an appeal, entered an appearance, filed a plea and went to trial on the merits.   No objection seems to have been made at the trial to want of proper service.

The constable's return of service was as follows : " Summons returned indorsed.   November 9, 1901, served on defendant by leaving a true copy of the original summons at his dwelling house with an adult member of his family."

Verdict and judgment for plaintiff for $124.54.   Defendant appealed.

*Error assigned* was as follows :

" The alderman, never having had jurisdiction of the defendant in this case by reason of a bad process, which was not cured by appeal, and the judgment before the alderman being by default, it was error in the court to entertain the action."

*H. Frank Eshleman,* with him *James Walker,* for appellant.— The want of jurisdiction may be shown as error in the Supreme Court, after the trial of an appeal in the court of common pleas, where the question of jurisdiction was not raised: Hill v. Tionesta Twp., 129 Pa. 525 ; Bergman v. Roberts, 61 Pa. 497 ; Collins v. Collins, 37 Pa. 387.

There was no jurisdiction in the alderman here, because service was in violation of the Act of July 9, 1901, P. L. 614, which provides that service shall be by "handing" a true and "attested" copy to the defendant. The last clause of this act declares the act shall be an "exclusive system of service." The old act of 1810 did allow service by "leaving" a true copy with an adult member of the family, but now it must be by handing and be an attested copy. Where the judgment is by default, the exact method, pointed out by the act, must be pursued: Lacock v. White, 19 Pa. 495.

*B. F. Davis,* for appellee.—An appearance and defense upon the merits is a waiver of any irregularity in the summons: Myers v. Stauffer, 22 W. N. C. 412; Fennell v. Guffey, 155 Pa. 38; Putney v. Collins, 3 Grant, 72.

PER CURIAM, December 13, 1902:

The only question raised by this appeal is the alleged want of jurisdiction on the part of the justice of the peace to hear the case, arising from the fact that the summons was not properly served.

The 16th section of the Act of July 9, 1901, P. L. 614, requires that "writs issued by any magistrate, justice of the peace or alderman shall be served in the county wherein they are issued by the constable or other officer therein to whom given for service in the same manner and with like effect as similar writs are served by the sheriff, when directed to him by the proper court," etc. The 1st section provides "that the writ of summons, etc., may be served by the sheriff of the county wherein it is issued, upon an individual defendant or garnishee, in any one of the following methods: (*b*) By handing a true and attested copy thereof to an adult member of his family at his dwelling house."

The summons in this case was returned as indorsed: "Served on defendant by leaving a true copy of the original summons at his dwelling house, with an adult member of his family." It is, of course, well for a public officer serving a summons to make his return correspond precisely with the requirements of the act of assembly. Whether or not this summons was properly served need not now be definitely determined. It may be said,

however, that it is difficult to see how the officer could have left the copy with an adult member of the family, without handing it to him or her. We think, however, without pursuing this subject, the appellant has waived any irregularity, if it existed, in the officer's return of service of the summons,

1. In taking an appeal. "Section 4 of the Act of March 20, 1810, 5 Sm. L. 161, provides that on appeal from a justice's judgment, the case shall be decided on its facts and merits only and no deficiency of form or substance in the record or proceedings returned, nor any mistake in the form or name of the action shall prejudice either party." 10 P. & L. Dig. of Dec. 17,553. See also Swain v. Brady, 19 Pa. Superior Ct. 459. The alleged irregularity appearing upon the face of the record, the appellant's remedy was by certiorari. He waived the irregularity by the appeal.

2. After the appeal was entered, he entered an appearance and a plea and proceeded to trial upon the merits. This was also a waiver of the irregularity complained of and by it he is bound.

Judgment affirmed.