## Fiscle *v.* Kissinger, Appellant.

*Practice, C. P.—Motion in arrest of judgment—Expiration of time limit—Permission of court.*

1. Where the defendant has permitted the time to expire within which under a rule of court a motion in arrest of judgment should be filed, leave of court is necessary to permit such motion to be filed thereafter.

*Justice of the peace—Appeals—Insufficient transcript—Cause of action—Arrest of judgment.*

2. Where on an appeal from a judgment of a justice of the peace it appears that the transcript of the justice shows no cause of action, but the defendant takes no rule on the plaintiff to file a declaration or bill of particulars, and goes to trial on the merits, he cannot after a verdict against him, move the court to arrest the judgment on the ground that the transcript showed no cause of action.

Submitted March 12, 1913. Appeal, No. 10, March T., 1913, by defendant, from judgment of C. P. Adams Co., Nov. T., 1911, No. 4, on verdict for plaintiff in case of Charles M. Fiscle v. James E. Kissinger. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Appeal from judgment of justice of the peace. Before Swope, P. J.

Verdict and judgment for plaintiff for $106.11. Defendant appealed.

*Errors assigned* were various rulings and instructions and particularly in overruling the defendant's motion in arrest of judgment.

*Edward A. Weaver*, for appellant.—The court should have sustained defendant's motion in arrest of judgment: Moore v. Wait, 1 Binney, 219.

*Wm. McClean* and *Wm. Hersh*, for appellee.

OPINION BY MORRISON, J., April 21, 1913:

On May 1, 1911, a justice of the peace issued a summons in favor of the plaintiff and against the defendant, as stated upon the transcript, "summons in assumpsit not exceeding $300.00." The case proceeded to trial before the justice, both parties being present with their respective attorneys, and the result was a judgment in favor of the plaintiff and against the defendant for $248.90 and costs. This was on May 16, 1911. The defendant appealed and on December 11, 1911, after filing a transcript from the docket of the justice of the peace, his learned counsel pleaded to it, "Nonassumpsit, set-off, payment, payment with leave." Without filing any other declaration or statement of the plaintiff's cause of action the case was elaborately tried in the lower court and resulted in a verdict and judgment thereon, on May 21, 1912, for $106.11 and costs, against the defendant.

The appellant's paper-book, with the record of the trial below, contains 181 printed pages and the case appears to have been well and thoroughly tried by the learned court below and our examination of this rather lengthy record leads us to the belief that the trial in the court below resulted in substantial justice between the parties.

The first assignment of error—"The learned court erred in assuming jurisdiction of the entire cause of action, on appeal"—quotes nothing that was said by the court and it is not in compliance with the rules and cannot be considered. The second assignment complains of a portion of the testimony of Charles M. Fiscle, plaintiff, but it is not based on an exception and cannot be sustained. The third assignment complains of the admission of the testimony of the plaintiff's wife. We can see no merit in this assignment and it is dismissed. The fourth and fifth assignments are excerpts from the charge of the court, but we do not think the appellant has just grounds of complaint as set forth in these assignments and they are not sustained. The sixth assignment complains of the

refusal of the court to dismiss the action. We do not think this assignment raises reversible error. The seventh assignment is that the learned court erred in overruling the defendant's motion in arrest of judgment. The motion was as follows: "And now, Saturday, February 3, 1912, the above-named defendant, James E. Kissinger, by his attorneys, moves the court for a new trial and in arrest of judgment, in writing, as he had done orally, in open court on the 31st day of January, 1912, and assigns reasons as follows." Then follows nine separate reasons which are all reasons for a new trial and not one of them alleges ground in arrest of judgment. In fact we do not believe that when the learned counsel filed this motion he had any idea of pressing for an arrest of judgment except until the motion for a new trial should be disposed of. This idea is sustained by the record made by the court below as follows: "May 20, 1912, case argued and motion for a new trial overruled and judgment ordered to be entered on verdict." And the judgment was so entered on the next day by the prothonotary. This strongly indicates that the learned counsel did not press his motion in arrest of judgment. However, the record does show that on March 18, 1912, the attorney for appellant, without leave of court so far as we can discover from the record, filed the following additional reason: "The transcript of the justice in this case does not set forth cause of action to show jurisdiction." This additional reason raises the only question which we regard as at all serious in disposing of this appeal.

So far as we are aware the courts of Pennsylvania have rules limiting the time for filing motions and reasons for new trials and in arrest of judgment. This time is usually limited to four days. The motions and reasons for a new trial and arrest of judgment in this case were filed on February 3, 1912, but the above additional reason was not filed until March 18, 1912, and the record not showing that it was filed with leave of court we are in grave doubt as to whether it ought to be considered at all. If the court

below has a rule which permitted the appellant's counsel to file this additional reason several weeks after the trial and verdict, we ought to have been informed as to such rule. Again we do not understand how this additional reason could get upon the record without leave of court and we do not find any such leave in the record.

If it comes to a question of considering the sufficiency of the transcript as a declaration or statement of the plaintiff's cause of action, it must be conceded that it is hopelessly bad. Absolutely all that appears in the transcript as to a cause of action is "summons in assumpsit not exceeding $300.00; . . . . Charles M. Fiscle, plaintiff, and J. M. Hartdagen and Charles A. Spangler, sworn. Plaintiff offers in evidence, the farm lease between the plaintiff and the defendant, the book of original entries and the bill of J. M. Hartdagen for phosphate purchased by the plaintiff."

There can be no question about this being an insufficient declaration. It is remarkable that experienced counsel would try this case before the justice and again in the common pleas without a statement upon the record showing the plaintiff's cause of action. But the counsel were present before the justice and they were familiar with the plaintiff's claim and when the appellant's learned counsel took the transcript of appeal and filed it in the common pleas and pleaded to it, we think it ought to be assumed that he waived any other or better declaration than the transcript and elected to go to trial on the merits without other pleadings. It was clearly within his power to have taken a rule on the plaintiff to file a declaration and if necessary a bill of particulars, but not having taken that course it seems clear that he desired to try the case without a declaration.

On motion to arrest judgment for defect in the declaration, the court will afford every aid in its power consistently with law to carry the verdict into effect: Waters v. Millar, 1 Dallas, 369. But we think this judgment in the court below can be sustained on the authority of Cunning-

ham v. McCue et al., 31 Pa. 469. In that case the Supreme Court said: "It is objected, that the declaration is not good; and that is true. It is good for nothing; for it tells us nothing valuable about the claim. We treat it, therefore, as no declaration at all. And as the parties did not notice it on the trial, we may take them as treating it in the same way. A declaration that has only blanks at the places where definite averments ought to be, is no declaration. But parties may try appeal cases without pleadings, and we must regard them as having done so in this instance; and the defendant cannot now raise the objection that the essential parts of the declaration are blank. We do not see any error in the case. Judgment affirmed."

We have already said that we regard the transcript in the present case as insufficient as a declaration. But on the authority of the above case we are disposed to hold that the parties and their learned counsel elected to try the case without a declaration, and having done so and not raising the question that the declaration was bad until long after the appellant's counsel had filed the transcript and pleaded to it, and after the trial, we are clearly of the opinion that the judgment ought not to be arrested. Upon this question we cite Act of March 20, 1810, sec. 4, 5 Sm. L. 161: "Provided, That upon any such appeal from the decision, determination or order of (two) justices of the peace, to the Court of Common Pleas or Court of Quarter Sessions, in any county, the cause shall be decided in such court, on its facts and merits only; and no deficiency of form or substance in the record or proceedings returned, nor any mistake in the form or name of the action, shall prejudice either party in the court to which the appeal shall be made." It has been decided that the word "two" before "justices" in that act was inserted therein by mistake. The act applies to all appeals from a single justice: Swain v. Brady, 19 Pa. Superior Ct. 459.

We have already said that this case appears to have been tried on its merits and therefore the judgment ought

not to be reversed or arrested except in obedience to some strict rule of law. The learned counsel for appellant has much to say about the plaintiff offering evidence at the trial below of new causes of action and of consequential damages and of torts. But we do not find from the record that these complaints are sustained. It may be that evidence was offered in support of claims that were not presented before the justice. It is denied, however, by plaintiff's counsel, and the uncertainty that here arises results from the learned counsel going to trial without a declaration clearly stating the plaintiff's cause of action. We are not convinced that the justice did not have jurisdiction nor are we convinced that the appellant has just grounds of complaint. The fact that the judgment obtained in the court below was considerably less than one-half of the recovery before the justice tends strongly to show that the appellant received a fair trial. We all agree that the judgment should be affirmed.

The assignments of error are all overruled and the judgment is affirmed.