# Freed et al. *v.* Philadelphia Rapid Transit Company, Appellant.

*Parties—Action to recover for injuries to minor—Failure of widowed mother to join in action—Effect.*

In an action of trespass brought in behalf of a minor "by his next friend and mother" to recover for personal injuries, a verdict in favor of the minor's widowed mother for loss of services and medical expenses will be reversed, where the statement of claim refers to her merely as the next friend through whom the suit was brought, and fails to aver any damages suffered by her or to claim damages in her behalf.

To sustain a recovery for loss of services and medical expenses the mother should have joined in the suit as a party plaintiff in her own right, and proper averments with respect to the damages suffered by her should have been made.

Argued October 14, 1927.   Appeal No. 192, October T., 1927, by defendant from judgment of M. C., Philadelphia County, June T., 1926, No. 347, in the case of William Freed, by his next friend and mother, Catherine Freed, v. Philadelphia Rapid Transit Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Reversed.

Trespass to recover for injuries to a minor child. Before LEWIS, J., without a jury.

The facts are stated in the opinion of the Superior Court.

Judgments in the sums of $200 for the minor and $175 for his mother.   Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*S. Regen Ginsburg,* and with him *J. J. K. Caskie,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY CUNNINGHAM, J., March 2, 1928:

On October 30, 1925, William Freed (aged sixteen and the son of Catherine Freed, a widow), while riding in a small Ford truck driven by Shepherd Constable, suffered personal injuries through a collision between the truck and a large bus owned by the Philadelphia Rapid Transit Company and operated by one of its employes. The collision occurred at the intersection of Wissahickon Avenue and Hortter Street in the City of Philadelphia. Alleging that his injuries resulted from the negligent operation of the bus, the minor brought an action by his next friend and mother against the Philadelphia Rapid Transit Company in the municipal court. Both parties agreed that the case should be tried by a judge without a jury, as authorized by section 1 of the Act of June 20, 1919, P. L. 515, amending section 12 of the Act of July 12, 1913, P. L. 711.

The trial judge, without analyzing the testimony or giving the reasons for his conclusion, stated in a memorandum opinion that a consideration of the testimony had satisfied him "that plaintiffs are entitled to a verdict," and then entered "a verdict in favor of the plaintiff, William Freed, in the sum of two hundred dollars, ($200), and for the plaintiff, Catherine Freed, in the sum of one hundred and seventy-five dollars, ($175)." Defendant moved for a new trial and for judgment in its favor n. o. v. These motions were dismissed and judgments were entered on the respective findings in favor of the mother and her minor son. From the judgment in favor of the mother, Catherine Freed, this appeal was taken.

The evidence showed that the father of the minor had died prior to the time of the accident; that he was living with his mother and earning $25 a week which he brought home to her; that by reason of his injuries he lost his wages for four weeks and incurred

a physician's bill to the amount of $75. The award to the mother is evidently for the amount of the lost wages plus the medical expenses. The testimony was conflicting and raised questions with respect to the negligence of the operator of defendant's bus, the possible contributory negligence of Shepherd Constable, the driver of the truck, and whether, if found, it could properly be imputed to William Freed, the other occupant of the truck. The bus was traveling east on Hortter Street and was approaching the intersection of that street with Wissahickon Avenue, and the truck was traveling south on Wissahickon Avenue. The intersection of these streets is irregular in that the north side of Hortter Street, west of Wissahickon, is approximately on a line with the south side of Hortter, east of Wissahickon, thereby making it necessary for vehicles crossing Wissahickon to proceed diagonally. Freed gave this account of the collision: "Q. When you got to Hortter and Wissahickon Avenue tell us what Mr. Constable did, if he did anything at all? A. Why, he was coming down and slowed down at the crossing, blowed his horn, when, without any warning at all, the P. R. T. bus, coming west, coming from the west, going toward the east, out Hortter Street, shot right around and hit us right at the northwest corner of Wissahickon Avenue and Hortter and drove us up against the trees and shrubbery which are right there."

Without reviewing the testimony at length it is sufficient to say that we are satisfied that there was competent evidence to support the findings of the trial judge upon the question of defendant's liability and if there were nothing more in the case we would not be disposed to disturb this award to the mother. Unfortunately, no action was brought in her behalf and there is nothing in this record to support a verdict in her favor. No matter what was decided under the

common law rule (Fairmount and Arch Street Passenger Rwy. Co. v. Stutler, 54 Pa. 375), or at one time under the Act of June 26, 1895, P. L. 316, (Kelly v. Traction Company, 204 Pa. 623), there can now be no doubt that a widowed mother has a right of action for the loss of the services of her minor son and the expenses of his illness: Crowley v. Pennsylvania Railroad Company, 231 Pa. 286, and Windle v. Davis, Director General, 275 Pa. 23, construing the Act of May 5, 1911, P. L. 177. The mother and son each had a right of action, which separate rights of action are, under the provisions of the Act of May 12, 1897, P. L. 62, to be "redressed in only one suit, brought in the names of the parent and child." Catherine Freed is mentioned in the first paragraph of the statement of claim merely as the next friend through whom her minor son brought his suit. There is no averment any place in the statement that the mother suffered any damages, nor are any damages claimed in her behalf. The judgment in her favor must therefore be reversed. More than two years having elapsed since the injuries were suffered the enforcement of the mother's right of action by suit is barred by the provisions of section 2 of the Act of June 24, 1895, P. L. 236; Black et al. v. Eastern Pennsylvania Railways Company, 257 Pa. 273.

The judgment in favor of Catherine Freed is reversed and now entered for defendant.