## Moncuso et al. v. Torro

*J. Stroud Weber*, for plaintiffs.

*Samuel D. Conver*, for defendant.

DANNEHOWER, J., August 11, 1936.—On September 24, 1932, "Frank Moncuso and Joseph Moncuso, by their father and next best friend Guy Moncuso", brought an action in trespass before a justice of the peace to recover damages for injuries sustained when defendant's automobile struck the two minor plaintiffs on July 5, 1932. After a hearing, at which defendant did not appear, the magistrate, on October 1, 1932, gave judgment "in favor of plaintiffs and against defendant for the sum of $175.29". This sum represented the doctor's and hospital bills for treating the injuries to the two boys. Defendant duly took and perfected his appeal.

On January 8, 1936, plaintiffs filed a statement of claim in the common pleas court, alleging defendant's negligence and claiming damages in the amount of $175.29, representing the cost of medicines, and doctors' and hospital expenses for the two minor plaintiffs. No damages were claimed for the personal injuries to the minors. No answer was filed. At the trial plaintiffs moved to amend the caption of the case by adding: "Guy Moncuso, in his own right". Defendant's objection was overruled, an exception was granted, and the caption was so amended. Plaintiffs were then permitted to prove hospital and doc-

tors' expenses. At the end of plaintiffs' testimony, defendant's motion for binding instructions was refused and the jury thereafter rendered a verdict in favor of plaintiff, Guy Moncuso, in the sum of $193.79, which was the amount of the doctors' and hospital expenses, with interest.

Defendant has filed motions for a new trial and for judgment n. o. v. on the grounds that the court erred in admitting testimony concerning damages as to doctors' and hospital expenses, in permitting the caption of the case to be amended, and in refusing defendant's motion for binding instructions. At the argument, defendant pressed his motion for judgment n. o. v.

Under the Act of May 12, 1897, P. L. 62, sec. 2, 12 PS §1626, there can be no doubt that, according to the clear provisions of this statute, the action of the child and that of the parent are two separate and distinct causes of action, for which two separate verdicts must be rendered. This is true, because a single judgment rendered for the sum of two separate verdicts cannot be sustained: Zarko et al. v. Kramer et al., 117 Pa. Superior Ct. 443; and upon appeal separate appeals must be taken: Shaw v. Plains Twp., 270 Pa. 387. Where a minor is living with his father in the family relation, in case of an action for injuries to the minor through the negligence of a third party, the claim of the father must include hospital and medical bills, if they are to be recovered, as well as compensation for loss of services of the son until he is 21 years old: Woeckner v. Erie Electric Motor Co., 182 Pa. 182; while the minor's claim is restricted to damages for pain and suffering and loss of earning power after he becomes of age: Pennsylvania R. R. Co. v. Kelly, 31 Pa. 372; Freed et al. v. P. R. T. Co., 93 Pa. Superior Ct. 72; In re Mikasinovich, 110 Pa. Superior Ct. 252.

With these legal principles in mind, may an amendment, as requested in the present case, be permitted in an appeal from a magistrate's court? It is true that for certain purposes a trial in common pleas after an appeal

from a justice is de novo, but it is, nevertheless, a trial of the same case, and the cause of action remains the same. Plaintiff cannot, on the trial of the appeal, change the cause of action, either as to character or amount, as originally brought: Gue v. Kline & Reifsnyder, 13 Pa. 60; Deihm v. Snell, 119 Pa. 316; Maiorana v. Sacchetti, 73 Pa. Superior Ct. 510; Wade v. Hook et al., 11 Pa. Superior Ct. 54. Furthermore, it is said in 2 Standard Pennsylvania Practice 391, sec. 68:

"Nor will the addition of a party by an amendment be allowed if it would deprive the opposite party of a meritorious defense or a substantial right, such as the right to plead the Statute of Limitations, when the amendment would change the cause of action". See cases therein cited.

In accord with the foregoing principles we conclude that if the amendment in the instant case is permitted to stand we would have the court of common pleas trying a new and separate cause of action, that of the father in his own right, upon an appeal of a different cause of action, that of the children, and it would deprive defendant of a substantial right to plead the statute of limitations. From the date of the injuries, July 5, 1932, until the time of trial, April 26, 1936, the father had not instituted an action in his own right, nor had he joined his right of action with that of the children. The statutory period of two years had passed.

We are, therefore, of the opinion that the trial judge erred in allowing the amendment, which created a new cause of action, and that binding instructions in favor of defendant should have been given. As to the action of the minors, no damages for pain, suffering or injuries were alleged or proven, and no verdict was rendered for them, and binding instructions should likewise have been given. As we are granting defendant's motion for judgment n. o. v., the motion for a new trial must be refused.

And now, August 11, 1936, for the foregoing reasons, the motion for judgment n. o. v. is hereby granted, and the motion for a new trial is refused.