## Schwartz *v.* Tate, Appellant.

Argued November 17, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, with him *Gerald Gornish,* Assistant City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for appellants.

*Samuel C. Tabbey,* with him *Bernard L. Lemisch,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 4, 1966:

This is an appeal by the defendants from a decree entered by the County Court (Municipal Court of Philadelphia) in a proceeding in equity brought by the plaintiff against the defendants who are various officials of the City and County of Philadelphia and administrative agencies of the City and County of Philadelphia upon whom the responsibilities of administering the municipal personnel matters are imposed, including the members of the Civil Service Commission.

By this action plaintiff seeks to restrain an investigation being conducted by an administrative official to determine whether a civil service employee cheated in an examination and to foreclose the administrative decision of that official. The lower court restrained the administrative official and further ordered that the employee be certified for the tested position.

It is most unfortunate that the time, effort and expense which have been expended in the trial and ap-

peal of this case should be wasted through the failure of the parties to properly determine which forum had jurisdiction over this action. The Municipal Court of Philadelphia, presently called the County Court of Philadelphia, was created by the Act of July 12, 1913, P. L. 711, 17 P.S. §681. The equity jurisdiction of the County Court is set forth in §10 of the Act of 1913, as amended, 17 P.S. §693, which provides: "The said court hereby created shall have jurisdiction in all civil actions at law and in equity where the value of the matter or thing in controversy, exclusive of interest and costs, does not exceed the sum of five thousand dollars. . . . The amount claimed by the plaintiff, where the said claim is for a sum certain, shall be conclusive as to the jurisdiction of the court; in all civil actions brought for the recovery of money, and in actions at law or in equity not involving any sum certain, the plaintiff shall file with his statement a certificate as to the amount of the thing or matter in controversy. . . ."

Just fifty years ago on November 29, 1915, shortly after the creation of the Municipal Court, a similar problem was presented to the Superior Court and it was there determined (*Caruso v. Gallo*, 62 Pa. Superior Ct. 584, 586 (1916)), that where a plaintiff was seeking reinstatement to membership in an unincorporated association, the Municipal Court did not have jurisdiction since: "It is apparent, that a mere right to membership in the unincorporated association, being the foundation of the action, the Municipal Court was not given statutory authority to dispose of that 'matter or things.' The action does not involve the possession or ownership of real or personal property, or any right, the value of which does not exceed the sum of . . . . We are of opinion that the objection to the jurisdiction of the Municipal Court is well taken. . . ."

This action which seeks to restrain an investigation being conducted by administrative officials of the city is, like membership in an unincorporated association, not a "matter or thing" in controversy that the Legislature contemplated would be the subject of the County Court's jurisdiction. This is made evident by the consistent practice of appealing decisions of the Civil Service Commission to the courts of common pleas. This procedure was followed both before and after the adoption of the Philadelphia Home Rule Charter and indicates a recognition of long standing that the "status" of employees of the city is not a subject of County Court jurisdiction.

The decree of the County Court in this matter being void for want of jurisdiction to enter it is hereby vacated. Each party to pay own costs.