Sandra **HUNT**, a minor, by her father and natural guardian, Samuel Hunt, Jr., Samuel Hunt, Sr., and Myrtle Hunt, husband and wife, and Samuel Hunt, Jr.

v.

**Raymond YEATMAN**
and
**Penn-Del Auto Stores.**
**Civ. A. No. 40203.**

United States District Court
E. D. Pennsylvania.

Jan. 3, 1967.

Benjamin Dresnin, William A. Goichman, Philadelphia, Pa., for plaintiffs.

White & Williams, Liebert, Harvey, Bechtle, Herting & Short, Philadelphia, Pa., for defendants.

## MEMORANDUM

FULLAM, District Judge.

The complaint in this action alleges that the minor plaintiff, Sandra Hunt, was a passenger in an automobile operated by her father, Samuel Hunt, Jr., at the time of an accident in which both persons were injured. The father has brought this action, under diversity jurisdiction, both in his own right and as "father and natural guardian" of the minor.

Presently before the court is the motion of one Ida Hunt, the mother of the minor, and the former wife of Samuel Hunt, Jr., seeking leave to intervene for the purpose of discontinuing the action on behalf of the minor. Plaintiff Samuel Hunt, Jr. has filed an answer to this motion; neither parent has sought an evidentiary hearing or produced any evidence; and no action has been taken by any of the defendants to question the father's capacity to sue on behalf of the minor.

As revealed by the averments of the motion and answer, it appears that no court has ever made any formal award of custody of the minor. The child lives with the mother most of the time, but the father has weekend visitation rights.

Under Pennsylvania law the tortious injury of a child gives rise to two causes of action; one on behalf of the child for pain and suffering and loss of earning power after majority; and the other for the parents themselves, for reimbursement of medical expenses and for the loss of the child's services during minority. 22 P.L.E. 218 "Parent and Child" § 5; Johnstone v. O'Connor & Co., 164 F.Supp. 66 (E.D.Pa.1959). The claim of the parents is not, strictly speaking, derivative, and may be pursued even where the claim of the child is barred. Meisel v. Little, 407 Pa. 546, 180 A.2d 772 (1962).

Pennsylvania Rule of Civil Procedure 2228(b), 12 P.S.Appendix provides as follows:

"If an injury, not resulting in death, is inflicted upon the person of a minor, and causes of action therefor accrue to the minor and also to the parent or parents of the minor, they shall be enforced in one action brought by the parent or parents and the child. Either parent may sue therefor in the name of both; but if the parents live apart the action shall be brought by the parent having the custody of the child and the control of its services."

Upon close examination of this language, it becomes clear that the last sentence deals with the *parents'* cause of action in their own right, and not the child's cause of action. The rule does not necessarily give either parent priority over the other in achieving the status of next friend or natural guardian representing the child; although it may well be, ordinarily, the parent having a cause of action in his or her own right by reason of the child's injuries would be the logical parent to act as next friend on behalf of the child in asserting the child's own separate cause of action.

In the case of parents who are still married and living together, their cause of action by reason of the child's injuries is a joint one, and, although Pa. R.C.P. 2228(b) allows either to assert it on behalf of both, the other parent can be compelled either to join in the action or be forever barred from asserting any such cause of action. Pa.R.C.P. 2232; Freed v. Philadelphia Rapid Transit Com-

pany, 93 Pa.Super. 72; Nichols v. Jewell, 25 Erie 108 (1944); Herre v. Jostenski, 82 Dauph. 200 (1965). Whether this principle is applicable in the case of separated parents is not entirely clear. The language of Pa.R.C.P. 2228(b) seems to contemplate a single parent-plaintiff, rather than a joint cause of action. On the other hand, there are many situations in which the "custody" of the child is divided, so that both parents can legitimately claim to meet the requirements of the rule; and it is not unusual to have full custody of a child remain with the mother, while the father continues to be responsible for medical expenses and may have the right to the child's services.

Thus, it is entirely possible that the child's mother in the present case may have a sufficient interest in the pending litigation so that, applying Fed.R.Civ.P. 24, she should be permitted to intervene, either to assert her separate cause of action by reason of the injuries to the child, or to protect her interest in the joint cause of action presently being asserted by her ex-husband. But she has not sought intervention on that basis. Indeed, her motion is essentially not an application for intervention at all, but a request for a substitution of parties. Cf. Fed.R.Civ.P. 25. On the record, she wishes to "intervene" solely for the purpose of ousting her ex-husband as the representative of the minor, so that she can act as the representative of the minor and in turn discontinue the minor's action.

Insofar as the *child's* cause of action is concerned, such substitution is not warranted on the present state of the record. The child has no appointed guardian superior in status to a next friend. Compare: Montgomery Ward & Co. v. Callahan, 127 F.2d 32 (10th Cir. 1942). It is not suggested that the child's cause of action is not being adequately prosecuted in this litigation, or that there is need for any order of this Court under Fed.R.Civ.P. 17(c) for the protection of the minor's interests in this lawsuit.

We are not persuaded that a Federal Court has the power to enter upon an exploration of the domestic-relations aspects of this matter, the parental policy decisions as to whether, and where, the child should sue. And it is likewise beyond our competence to accord to either parent the controlling voice in such decisions.

There can be no doubt that state-court remedies are available to clarify the lines of parental authority in these respects. But in the absence of resort thereto by the parties, we can only observe that the father has the prima-facie right to represent the minor in this litigation; that his unfitness for this task has not been demonstrated; and that the mother has not sought to intervene in her own right. Under these circumstances, the application for intervention will be refused, without prejudice to later renewal thereof in accordance with the legal principles outlined above.