## Hunt, Appellant, *v.* Hunt.

Argued November 16, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William A. Goichman,* for appellant.

*Joseph V. Restifo,* with him *Benjamin Dresnin,* for appellee.

OPINION PER CURIAM, January 3, 1968:
Decree affirmed on the authority of *Schwartz v. Tate,* 419 Pa. 593, 215 A. 2d 616 (1966).

Costs on appellant.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:
I agree that the County Court has no jurisdiction in this litigation, but for a reason differing from that indicated by the majority's citation of *Schwartz v. Tate,* supra. The action below was instituted to enjoin a father from pressing any claim of his minor daughter in federal court arising from an automobile accident. Under the Act of July 12, 1913, P. L. 711, §10, as amended, 17 P.S. §693, a county court's equity jurisdiction is limited to actions where the amount in controversy does not exceed $5,000. For purposes of this litigation, the amount claimed in the federal action (an amount in excess of $10,000) controls. Nor is there any independent jurisdictional basis for the county court action since the proceeding below is not a custody action under the Act of July 12, 1913, P. L. 711, §11, as amended, 17 P.S. §694.

The dismissal below was correct for an additional, and perhaps more compelling, reason. This injunctive action was predicated upon a Pennsylvania rule of civil procedure,* a matter not controlling in a federal court

---

* The basis of this injunctive request was Pa. R. C. P. 2228(b) which requires that, where the parents are separated (as here),

586

action under the line of cases spawned by the now famous doctrine of *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938). Furthermore, the federal district judge indicated that procedures existed in the federal courts to adequately protect the mother's rights. See *Hunt v. Yeatman*, 264 F. Supp. 490 (E.D. Pa. 1967). Under these circumstances, an injunction *prohibiting* a litigant from pressing his federal court action would offend the doctrine of comity for the federal court has first obtained jurisdiction and is an available forum adequate for complete litigation and protection of the mother's interests. See *Craig Estate*, 3 Pa. D. & C. 2d 381 (O.C. Mercer Cty.), aff'd per curiam on the opinion of the court below, 379 Pa. 157, 109 A. 2d 190 (1954); *Hassan v. Pierce*, 86 Montg. L. R. 276 (C.P. 1966).

Mr. Chief Justice BELL joins in this concurring opinion.

---

both the minor's action for his injuries and the parents' derivative action be brought in one suit "by the parent having the custody of the child and the control of its services."