## Schwartz Case.

Argued November 11, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

374

*Jerome J. Shestack,* with him *Schnader, Harrison, Segal & Lewis,* for appellant.

*S. Jay Sklar,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor, and *Levy Anderson,* City Solicitor, for City of Philadelphia, appellee.

OPINION BY MR. JUSTICE O'BRIEN, December 20, 1971:

Appellant, Donald Schwartz, was an employee of the City of Philadelphia. He held the position of Property Assessment Aid (Real) in the office of the Board of Revision of Taxes. In June of 1963, he took a Civil Service Examination for promotion to the position of Real Property Assessor I. He passed the examination and was certified to the eligibility list for the Real Property Assessor I position and remained on the list awaiting promotion. However, prior to his being promoted to the new position, a fellow employee informed the City Personnel Director that Schwartz had cheated on the examination. Pursuant to the Philadelphia Civil Service Regulations, the Personnel Director made an investigation and afforded Schwartz an opportunity to take a re-examination, which opportunity he

rejected. He sought an injunction to prevent the Personnel Director from conducting this investigation, but was unsuccessful in a case which ultimately reached this Court. *Schwartz v. Tate,* 419 Pa. 593, 215 A. 2d 616 (1966). Eventually, in 1966, the Personnel Director informed Schwartz that the investigation disclosed that he was guilty of cheating on the Civil Service Examination and that in accordance with certain sections of the Civil Service Regulations, the Personnel Director was separating Schwartz from municipal service and holding him ineligible for municipal service for a period of five years.

Schwartz appealed to the Civil Service Commission, which affirmed the ruling of the Personnel Director. An appeal to the Court of Common Pleas of Philadelphia resulted in an order directing the Civil Service Commission to hold a new hearing. A rehearing was held before the Commission, and the Commission again affirmed Schwartz's dismissal. Schwartz again appealed to the Court of Common Pleas, which reversed and ordered his reinstatement with back pay. A divided Superior Court reversed the Court of Common Pleas and reinstated the Civil Service Commission's order affirming the dismissal. We granted allocatur and now we reverse.

The case is most technical and difficult. The city can point to no provisions in the charter which give the personnel director the explicit authority to dismiss appellant. All of the provisions in the charter which discuss dismissals of a civil service employee imply that only the "appointing authority," in this case the Board of Revision of Taxes, had the power to dismiss appellant.

"Section 7-201. Appeals. The Civil Service Commission shall hear and dispose of appeals as provided in this section. Any employee who is dismissed or de-

moted after completing his probationary period of service, or who is suspended for more than ten days in any one year, may, within thirty days after such dismissal, demotion or suspension, appeal to the Commission for review thereof. Every appeal shall be heard promptly. Upon such review, both the appealing employee and the *appointing authority* involved shall have the right to be heard publicly and to present evidence; but technical rules of evidence shall not apply. The findings and decisions of the Commission shall be in writing and shall be certified to the Personnel Director.

"If the Commission sustains the appeal on the ground that the *action complained of was taken by the appointing authority* for any political, religious or racial reason, or labor union activity lawful for municipal employees, it shall order the employee to be reinstated to his former position without loss of pay for the period of his suspension. In all other cases where the Commission sustains the appeal of the employee it shall order the reinstatement of the employee in his former position with or without loss of pay for the period of his suspension or direct that he be appointed to a position of equal status in the same office, department, board or commission, with or without loss of pay for the period of his suspension. If the Commission overrules the appeal of the employee, *it shall confirm the action of the appointing authority* which shall be final as of the date it was taken." (Emphasis supplied.)

The annotation to Section 7-303, which sets the standard for dismissal of Civil Service employees as being for "just cause only," states: "The standard [of just cause] is to be applied by the *employee's superior* and is subject to review only by the Civil Service Commission." (Emphasis supplied.)

The City argues that the personnel director is explicitly given the power to dismiss appellant by the

regulations of the Civil Service Commission. These provide, in part, as follows:

"9.161. PROHIBITED ACTS. No person shall

"9.1611. Make any false statement, mark or report with regard to any test nor in any manner commit or attempt to commit any fraud or deception preventing or tending to prevent the fair and impartial execution of this regulation governing examinations.

"9.162. PENALTIES. The penalty for violation of any of the sections of this Regulation 9—Examinations shall be as follows:

"9.1621. If the Director determines the violation was intentional, the violator shall for five years be barred from competing in any Civil Service examination and shall for that period be ineligible for appointment in any position in the Civil Service and *such violator shall be removed forthwith from any position he may hold in the Civil Service.*

"9.163. Any violation of the provisions of this Regulation 9—Examinations shall be promptly reported to the Director, who shall be responsible for conducting a thorough investigation. During the course of the investigation the accused shall be afforded the opportunity for a hearing before the Director who shall issue a written determination as to whether the violation occurred, the nature thereof, and, if a culpable violation occurred, imposing the penalty, if any, he may decide to impose as provided by the Charter or these Regulations. There shall be no right to appeal from the determination of the Director other than such as may be expressly conferred by the Charter." (Emphasis supplied.)

However, such regulations could have no effect if they were in conflict with the charter. The city, apparently recognizing this, points to Section 7-401(v) of the charter, which gives the personnel director of the

Civil Service Commission the power to adopt regulations with relation to "such other matters as may be proper and necessary" and argues that the regulations upon which it relies were necessary and proper for the implementation of Sections 10-108 and 10-109 of the charter, which provide in pertinent part:

"(1) No person shall make any false statement, certificate, mark, rating or report with regard to any test, certification or appointment made under the civil service regulations or in any manner commit or attempt to commit any fraud preventing the impartial execution of such regulations. . . .

"(4) Any person who violates any of the provisions of this section shall upon conviction, in addition to any penalties and punishment provided for hereafter, for a period of five years be ineligible for appointment to or employment in any position under the City. . . .

"Penalties. A violation of any of the foregoing sections of this article shall be a misdemeanor punishable by a fine of not more than three hundred dollars or by imprisonment for not more than ninety days, or both, and if the violator is an officer or employee of the City, by removal from office or immediate dismissal."

However, in the instant case appellant was not *convicted* of cheating on a civil service examination, and Section 10-108(4) makes clear that the penalty of a dismissal from the office already held only occurs "upon conviction."

The Superior Court majority conceded that the charter does not grant the personnel director specific powers to dismiss employees. The majority, however, concluded that the question of who actually dismissed Schwartz or who has such power is academic, because of Section 7-302(2) of the charter, which specifically grants to the personnel director the right to suspend payment to any employee who did not properly comply with the Civil Service Regulations in being appointed

or employed. The Superior Court majority reasons that Schwartz's cheating constituted a noncompliance with Civil Service Regulations.

We agree with the Superior Court dissenters, who reasoned that Schwartz's cheating had nothing to do with his original employment as an aid. The cheating occurred in connection with a civil service examination for a promotion, which promotion appellant never received. His employment was, therefore, on the basis of matters which occurred prior to the promotion examination which he took and there is nothing in the record to sustain any noncompliance with Civil Service Regulations in connection with that employment. Moreover, we agree with the dissenters that the Civil Service Code should not be interpreted to reach the awkward result whereby a man who cannot be dismissed is nevertheless ineligible to receive his salary.

The city argues that our decision makes the personnel director impotent to maintain the integrity of his examinations without the approval of various appointing authorities who have no jurisdiction over the examinations whatever. We disagree. As already noted, Section 10-109 provides that a violation of Section 10-108 is a misdemeanor, punishable by fine or imprisonment and by removal from office or immediate dismissal. Included among the unlawful acts proscribed by Section 10-108 is cheating on civil service examinations. Thus, where the personnel director determines that an employee has violated one of the prohibitions of Section 10-108, he has the power to direct the city solicitor to bring a criminal complaint and secure the employee's dismissal.

Order of the Superior Court is reversed and order of the Court of Common Pleas is reinstated.

Mr. Chief Justice BELL and Mr. Justice BARBIERI took no part in the consideration or decision of this case.