Maureen CREW, a minor, by her parent and natural guardian, Charles N. Crew, and Charles N. Crew, in his own right

v.

Albert A. BARTELS and Helen L. Bartels.

Civ. A. No. 23476.

United States District Court

E. D. Pennsylvania.

Feb. 23, 1961.

Beasley & Ornsteen, by James M. Moran, Philadelphia, Pa., for plaintiffs.

LaBrum & Doak, Philadelphia, Pa., by Edward C. German, Philadelphia, Pa., for defendant Helen L. Bartels.

**6**

WOOD, District Judge.

Charles N. Crew is suing defendant Helen L. Bartels in two different capacities; as the guardian of his minor daughter, Maureen Crew, and in his own right to recover medical expenses he incurred as a result of his minor daughter's injuries. Prior to institution of this suit, Charles N. Crew executed a release in favor of defendant Helen L. Bartels, which release purported to hold harmless Helen L. Bartels from any liability arising from an accident in which Maureen Crew was injured. The release also contained an indemnity agreement whereby Charles N. Crew promised to indemnify Helen L. Bartels for any sums she might have to pay on account of the said accident. The answer of Helen L. Bartels pleaded the release as the fifth defense to both causes of action; that is, to the cause of the minor, Maureen Crew, and to the cause of the father, Charles N. Crew. The plaintiffs have moved the Court to strike out the fifth defense contained in the answer on the ground that under Pennsylvania law, a release executed by the parents of a minor cannot in law affect the minor's right to recover for his injuries. The defendant has moved the Court to sever the two causes of action asserted in the complaint so that the defendant may, in the alternative to pleading the release, claim indemnity against Charles N. Crew for any recovery by Maureen Crew.

After consideration of the above motions we have concluded that the case should proceed in accordance with the following:

■ The action of Maureen Crew, a minor, by her parent and natural guardian, Charles N. Crew, shall be severed from the action of Charles N. Crew brought in his own right. The defendant Helen L. Bartels may then implead Charles N. Crew as a third-party defendant in the action by Maureen Crew. The third-party complaint may assert *the indemnity provisions* of the release as a basis for the complaint. However, insofar as the answer has set forth the release as a fifth defense to minor Maureen Crew's action, the fifth defense shall be stricken from the answer.

As to the suit of Charles N. Crew in his own right to recover for medical expenses,.the fifth defense, pleading the release, shall remain in the answer and shall not be stricken.

We wish to emphasize that we are not herein passing upon the validity of the release in any regard other than its ineffectiveness as a bar to a minor's suit.

The severed causes of action, being Maureen Crew versus Helen L. Bartels (and Albert A. Bartels) versus Charles N. Crew, and Charles N. Crew versus Helen L. Bartels (and Albert A. Bartels), shall be consolidated for trial. We have considered any possible prejudice which might result to the cause of Maureen Crew by our permitting the jury to consider the release as against her father's cause of action for medical expenses. We think that the minor's rights can be fully protected by clear instructions to the jury that the release thus given by her father in no way affects her right to recover for her injuries.

■ We have also considered the fact that Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., providing for the impleader of persons contains a condition that persons to be made third-party defendants not already be parties to the action. We do not consider this condition as an obstacle to the impleading of Charles N. Crew as a third-party defendant in the suit by his minor daughter, since his name appears only as guardian ad litem for his daughter.

For the above reasons we enter the following order:

### Order

And now, to wit, this 23rd day of February, 1961, it is ordered that the defendant Helen L. Bartel's motion to sever the action of Charles N. Crew in his own right and to implead him as third-party

 

defendant in the suit by his daughter Maureen Crew is granted. The plaintiffs' motion to strike the fifth defense contained in the answer of defendant Helen L. Bartels is granted as to the suit of Maureen Crew and is denied as to the suit of Charles N. Crew in his own right.