William C. Walls, Administrator d. b. n. c. t. a. of John Walls, deceased, v. Margaret A. Walls, Executrix of the Last Will and Testament of Augustus G. Walls, deceased, Appellant.

[Marked to be reported.]

*Evidence—Competency of witness—Release of interest in estate of decedent—Husband and wife.*

Where a daughter of a decedent and her husband execute a release of all their interest in the decedent's estate, the husband becomes a competent witness in an action by the administrator, as to matters occurring in the lifetime of the decedent; and it is immaterial that under the will of the decedent the daughter was bound to pay a sum of money in which sum the defendant in the case had an interest.

*Will—Codicil—Revocation of gift.*

Testator by his will revoked all the obligations of his children to himself, except those of his son A. Many years afterwards he made a codicil by which he excluded A. from all participation in his estate. At the time of testator's death there were two notes in existence made by A. to testator after the date of the will, and before date of the codicil. *Held*, (1) that the will discharged only obligations in existence at the date of the will; (2) it would not help A. to hold that the revocation of the obligations is of the date of the codicil and not of the original will, as he was deprived of all interest in the estate by the codicil.

Argued May 11, 1897. Appeal, No. 87, Jan. T., 1897, by defendant, from judgment of C. P. Union Co., Sept. T., 1893, No. 67, on verdict for plaintiff. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on promissory notes. Before McCLURE, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial Joseph C. Bucher was called on behalf of plaintiff.

Mr. Linn, of counsel for defendant: We object to his being sworn, as he is not competent in this case. His wife is a daughter of Judge Walls, and if this note is recovered it goes to Judge Walls's estate, and wherever the wife could not be a witness the husband cannot.

Mr. Leiser, of counsel for plaintiff: We make the offer of the release of Mary Ellen Bucher and Joseph C. Bucher for all

their interest in the estate or under the wills of John Walls and of Margaret Walls, deceased; bearing date the 18th of September, 1895, and duly acknowledged the same day before John L. Yarnall, notary public.

Mr. Linn: We object to the witness because he is incompetent under the act of 1869, and subsequent acts, which declares that no one shall testify where the party to the contract is dead; that this is a conversation that is proposed to be related as between a dead man and Judge Bucher, who is the husband of a wife who appears to be a legatee and participant in this estate; and it appears that Judge Bucher has $1,000 of the money of this estate, and consequently Mrs. Bucher would have to pay this $1,000 into the estate of Margaret Walls, and for that reason he is incompetent to testify in this case. The witness is a party to the contract. He is represented by the administrator. While the act of 1869 does not render any person incompetent who was competent before, yet a party to the record was always incompetent.

By the Court: The witness and his wife do not represent the estate; they are merely parties who might derive a benefit through the wills of Margaret Walls and Judge Walls. We overrule the objection. We think this witness is competent. The defendant excepts and a bill is sealed. [1]

Plaintiff's points and answers thereto among others were as follows:

5. That the notes sued on were not canceled by the will of John Walls, or the codicil thereto. *Answer:* This point we affirm. [3]

9. Before the jury can find for the defendant they must be satisfied from all the evidence in the case that the $1,000 note was actually paid. *Answer:* We affirm this point. [4]

Defendant's point and answers thereto among others were as follows:

6. That the codicil dated October 15, 1890,—to the will of John Walls dated the 5th day of May, 1879,—republished the will as of the date of the codicil; that having directed and declared in his will that all obligations he may hold against any of his children for the payment of money shall be canceled and discharged, becomes effective as of the date of the codicil,— and that the claim in suit is thereby discharged. *Answer:* We refuse to so instruct you. [5]

Verdict and judgment for plaintiff for $1,519.13.    Defendant appealed.

*Errors assigned* among others were (1) ruling on evidence, quoting the bill of exception; (3–5) above instructions, quoting them.

*P. B. Linn* and *Samuel H. Orwig*, with them *J. M. Linn* and *Alfred Hayes*, for appellant.—A. G. Walls being dead, the testimony of Judge Bucher does not leave the parties interested on an equality: Karns v. Tanner, 66 Pa. 297; Graves v. Griffin, 19 Pa. 176; Hess v. Gourley, 8 W. N. C. 157.

A will discharging all debts is a release of a new debt incurred between the date of the will and last codicil, though there be no reference therein to such debts, and no express words of republication: Coale v. Smith, 4 Pa. 377.

A codicil to a will is a republication of it, unless the contrary intent be avowed by the testator, and it makes the will republished speak from the date of the codicil: Neff's App., 48 Pa. 501; Linnard's App., 93 Pa. 316; Gilmor's Est., 154 Pa. 523.

*Andrew A. Leiser*, for appellee.—The competency of a witness, disqualified by interest, may always be restored by a proper release: 1 Greenleaf on Evidence, sec. 426; Cox v. Norton, 1 P. & W. 412; Cook v. Grant, 16 Serg. & Rawle, 198; Carter v. Trueman, 7 Pa. 315; Steininger v. Hoch's Executor, 42 Pa. 432; Forrester v. Torrence, 64 Pa. 29; McFerren v. Iron Co., 76 Pa. 180; Curry v. Curry, 114 Pa. 367; Sheetz v. Hanbest's Exrs., 81 Pa. 100; Pratt v. Patterson, 81 Pa. 114; Heft v. Ogle, 127 Pa. 244; Turner v. Warren, 160 Pa. 336.

The fact of incompetency must be proved; for every witness is presumed to be competent until the contrary is made to appear, either on the voir dire or by evidence aliunde: Pringle v. Pringle, 59 Pa. 281; McClelland v. West, 70 Pa. 183; Plank-Road Co. v. Thomas, 20 Pa. 91; 2 Starkie on Evidence, *782; 1 Greenleaf on Evidence, sec. 386; Smith v. Wagenseller, 21 Pa. 491.

Mrs. Bucher was competent although a debtor: Ferree v. Thompson, 52 Pa. 353; Wolf v. Carothers, 3 Serg. & Rawle, 240; Dixon v. McGraw Bros., 151 Pa. 98; Zeigler v. Gray, 12

Serg. & Rawle, 42; Miller v. Stem, 2 Pa. 286; 1 Greenleaf on Evidence, sec. 399; Blewett v. Coleman, 40 Pa. 45; Girard Fire & Marine Ins. Co. v. Marr, 46 Pa. 504; Finney's App., 59 Pa. 398; McCartney v. Kipp, 171 Pa. 644; Youst v. Martin, 3 Serg. & Rawle, 423; Boyer v. Kendall, 14 Serg. & Rawle, 178; Smith v. Hay, 152 Pa. 377.

The intent of the testator determines the date as of which the will speaks, whether republished or not: 1 Jarman on Wills (R. & T. ed. 1880), 364; 1 Williams on Executors, 260; Cole v. Scott, 1 Macnaghten & Gordon, 518; Lady Langdale v. Briggs, 3 Smale & Gifford, 246; Dickinson v. Dickinson, L. R. 12 Ch. Div. 22; Wait v. Belding, 24 Pickering, 129; Quinn v. Hardenbrook, 54 N. Y. 83; Anshutz v. Miller, 81 Pa. 212; Van Alstyne v. Van Alstyne, 28 N. Y. 375; Bothamley v. Sherson, L. R. 20 Eq. 304; Douglas v. Douglas, Kay, 400.

The whole question is one of the intent of the testator: Sidney v. Sidney, L. R. 17 Eq. 65; Haven v. Foster, 14 Pickering, 534; Yarnold v. Wallis, 4 Younge & Collyer, 160; Williams v. Neff, 52 Pa. 326; Reichard's App., 116 Pa. 232; Spang v. Hill, 2 Woodward, 45; Quin's Est., 144 Pa. 444.

A. G. Walls takes nothing by his father's will as republished, because the codicil revokes all bequests to him: Grimball v. Patton, 70 Ala. 626; 1 Jarman on Wills, 336; Bartholomew's App., 75 Pa. 169; Brownell v. DeWolf, 3 Mason, 486.

OPINION BY MR. JUSTICE GREEN, July 15, 1897:

The jury having found that the two notes in suit were never paid in point of fact, and the evidence being entirely sufficient to warrant such a verdict, there are but two serious questions on the record arising for our consideration. They are first, the competency of Judge Bucher as a witness. And second, the time at which the will of John Walls speaks, and the effect of the codicil. As to the competency of the witness it is to be observed, it is not a question arising under the statutes relating to the competency of witnesses, but as to the effect of the release executed and delivered by Judge Bucher and his wife. Judge Bucher himself has no interest in either estate. It was his wife who was interested as one of the children of John Walls. It is correct to say that if she was incompetent by reason of interest, her husband was also incompetent. The release is in

writing, under seal, signed by Mrs. Bucher and her husband, and separately acknowledged before a notary public by her. It is absolute in its terms and, without doubt, releases all and every interest of both of the releasors in the estate of John Walls, deceased. There can be no question as to its complete efficacy to that end. It was delivered to the plaintiff as administrator of John Walls, deceased, and was offered and admitted in evidence on the trial. If a proper release of all interest in the estate of the decedent could operate to establish the competency of Judge Bucher as a witness in this case, that result is clearly accomplished by this release. The suit is an action by the administrator of John Walls, deceased, against the executor of A. G. Walls, deceased, to recover money loaned by John Walls in his lifetime to A. G. Walls in his lifetime, and for which loans the notes in suit were given. Mrs. Bucher is a daughter of John Walls, and, if there is a recovery in this action, she would be interested as a legatee under the will of her father, and that is the interest which would disqualify her and therefore her husband. But it is too plain for argument that the release was an absolute discharge and surrender of all interest in that estate and, therefore, establishes her competency as a witness and, by consequence, that of her husband. It is not contended now for the appellant that the release has not accomplished that result, but an objection is suggested in these words, " It is not Mrs. Bucher's right to receive from the estates of her father and mother, represented by the plaintiff in this case, that makes her or her husband an incompetent witness. It is her liability to pay money over in which the estate of Dr. Walls has an interest, and the fact that Dr. Walls is dead, that makes both Mrs. Bucher and her husband, J. C. Bucher, incompetent to testify against Dr. Walls." This statement of objection standing by itself is unintelligible, and it can only be considered by the help of extrinsic testimony to prove as a matter of fact that Mrs. Bucher is liable to pay money over in which the estate of Dr. Walls has an interest. That feature is not at all discussed by the learned counsel for the appellant, nor is any authority cited in support of their contention. What seems to be in the mind of counsel is, that in the will of her father there is a recital that his former wife, Margaret Walls, had devised all her estate to him upon certain trusts, which trusts he had fulfilled, and in

pursuance thereof he had made distribution of her personal estate to their children, and in further discharge of that duty he devised, inter alia, a certain lot of ground to Mrs. Bucher upon condition that she should pay $1,000 into his estate, to be used with other sums to make an equal distribution of his estate amongst all his children. Thereupon the contention seems to be that, as Dr. Walls would be interested in the estate of his mother thus given by his father, therefore, he had an interest in the sum of $1,000 to be paid by Mrs. Bucher, and therefore, she is an incompetent witness in this suit. We cannot possibly discover any connection between this premise and its conclusion. The only argument in its support that we observe, is, that "an adverse verdict would take from Dr. Walls his equal share in that $1,000." What that proposition has to do with the question of Mrs. Bucher's competency as a witness in this case we cannot understand. If Dr. Walls has an interest in that $1,000 he can certainly enforce it without any reference to the payment of the money he borrowed from his father for which the notes in suit were given. His right to get the benefit of the provision in his father's will cannot possibly be affected one way or the other by Judge Bucher's testimony as to whether he owed the money due on these notes. There is no relevancy or connection between the two subjects. The only interest that could disqualify Mrs. Bucher would be a right to have a part of the money recovered in this action, and any right of that kind is swept entirely away by the release. We therefore dismiss the first and second assignments of error.

The third and fifth assignments present the other principal question. The will of John Walls contained the following provision : " I hereby order and declare that all obligations that I may hold against any of my children for the payment of money at this time shall be cancelled and discharged except the two obligations above cited of my son G. W. Walls." The will was dated and executed the fifth day of May, 1879. The notes in suit were dated, the one for $1,000, on March 6, 1883, payable at one day after date, and under seal, and the one for $100 on April 7, 1890, payable three months after date, and without seal. As the will only discharged obligations which were in existence at the date of the will, viz : May 5, 1879, it had no such effect as to these two notes. But the testator made

a codicil on October 15, 1890, by which he revoked all the provisions of his will in favor of his son A. G. Walls, and positively ordered and directed that he should have no interest in his, John Walls' estate, and gave all the interests bequeathed to him, to his other children. He added in the codicil that he had already paid to this son his full share of his mother's estate and more, and again repeated the revocation in these words, " I hereby order and declare that all the bequests made to him by the former will hereto attached either from me or in right of his deceased mother shall be revoked."

It is now argued for the appellant that, because a codicil is a republication of the original will, and the will therefore speaks from the date of the codicil and not from its original date, the will of John Walls must be considered as if it had been dated and executed on the 15th of October, 1890, instead of the 5th of May, 1879. And it is further argued that because the will discharged all his obligations then existing against his children it must now be construed as having discharged the two obligations in suit. While it might be true that if the will contained a general discharge of all obligations against the children, an obligation subsequently incurred might be included by force of a codicil which did not affect the subject-matter of the former bequest, it is impossible that such a construction can be given to this will, for two distinct and obvious reasons, the mere statement of which is sufficient to dispose of the whole question. First, the provision of the will was expressly limited to obligations existing at the time the will was made, and hence could not extend to and embrace obligations which were not in existence until long after that time. To hold otherwise would be to set aside the express intent of the testator by the mere force of a constructive intent. Upon this subject the authorities are most numerous, and without conflict.

But the second answer to the appellant's contention is still more fatal. The codicil expressly revokes all the provisions of the will in favor of Dr. Walls, and hence, even if the will had positively discharged future as well as past obligations, it would have deprived him of any benefit under the will. If we were now to hold that under the codicil the notes in suit were to be discharged, we would stultify the codicil and make it declare the very opposite of what it explicitly and most emphatically

directed. In other words the codicil expressly takes away from A. G. Walls all interest in the estate of his father under the will, yet we are asked to say that it gave him an interest under the will which even the will itself never gave him. It is a waste of time to discuss such a question and we decline to do so. The third and fifth assignments are dismissed. As to the remaining assignments of error they are entirely without merit and are therefore dismissed.

Judgment affirmed.