Ehrlich et al., Appellants, *v.* Stiefel.

Argued October 10, 1928.

Before Porter,
P. J., Henderson, Trexler, Keller, Linn, Gawthrop
and Cunningham, JJ.

James F. Masterson, for appellants.

H. Rook Goshorn, and with him Frank R. Ambler
and Harry S. Ambler, Jr., for appellee.

Opinion by Keller, J., November 21, 1928:

These three actions in trespass were tried together.
They grew out of the same accident. Verdicts were
rendered in favor of the defendant as to all three
minor plaintiffs, but against him, as to their respec-
tive parents, for the moneys expended by them in
connection with their children's injuries. The defend-
ant made no objection to these anomalous verdicts,
but paid the judgments entered on them in favor of
the parents and had them marked 'satisfied.'

The several minor plaintiffs then moved the lower court to grant them a new trial because of the apparently inconsistent verdicts aforesaid, which the court, after consideration, refused. These appeals are based solely on that action.

We are unable to find any abuse of discretion in the lower court in discharging the rules.

The court, which heard the evidence, was evidently satisfied that the verdicts of the jury absolving the defendant of negligence in the accident which resulted in injury to the plaintiffs were not against the evidence or the weight of the evidence received on the trial, nor capricious or unreasonable in the light of the testimony. Appellants, in their argument, do not claim otherwise. That the jury, perhaps from a feeling of sympathy, found for the adult plaintiffs in a sum sufficient to reimburse them for their actual outlay might have been objected to by the defendant, but it furnished no ground for exception by the plaintiffs.

The Act of May 12, 1897, P. L. 62, which directed the consolidation into one suit of actions brought by a parent and a child respectively for personal injuries to the child, not resulting in death, did not merge the two rights of action into one, but affected only the mode or manner of suit. The rights of action remained distinct, with separate verdicts and judgments. See Hug v. Hall, 79 Pa. Superior Ct. 392, 396. Hence the apparent inconsistency between these separate verdicts on the several rights of action did not invalidate the verdicts after the Act of 1897 any more than before. There was no inconsistency in the verdict, as respects the right of action of each minor plaintiff, considered by itself. The incongruity only appears when considered in connection with a different, though related right of action. See Betts v. Y. M. C. A., 88

Pa. Superior Ct. 568. That is the distinction between these cases and those relied upon by the appellant.

The judgments are affirmed.

No. 201, October Term 1928—Judgment affirmed.
No. 202, October Term 1928—Judgment affirmed.
No. 203, October Term 1928—Judgment affirmed.