Dellacasse et al. *v.* Floyd et al., Exrs., Appellants.

Argued September 27, 1938.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Thomas L. Kane,* for appellants.

*John E. Evans, Jr.,* of *Margiotti, Pugliese, Evans & Buckley,* for appellee.

OPINION BY MR. JUSTICE STERN, December 5, 1938:

On June 12, 1931, this suit was brought by Clara Dellacasse, a child two years of age, by her father and next friend, Paris Dellacasse, and Paris Dellacasse and Lena Dellacasse (her mother), in their own right, against Sarah I. Floyd, to recover damages for injuries alleged to have been caused to the minor plaintiff on October 10, 1930, by the negligence of defendant. On September 7, 1931, defendant died, and her executors were substituted in her stead. When the case came on for trial, on September 13, 1933, Mrs. Dellacasse offered herself as a witness to testify to facts in connection with the accident. Upon objection by defendants, the court ruled her incompetent because of the original defendant's death. Plaintiffs stating they had no other witness, the court, on motion of counsel for defendants, entered a compulsory nonsuit.

On June 23, 1934, the minor plaintiff, by her father as next friend, petitioned the court to take off the nonsuit as to *her* cause of action. The petition set forth that her parents had released their claims against Sarah I. Floyd and the executors, and had thereby become competent witnesses; also that other witnesses to the accident had been found since the nonsuit was entered. The court, on October 5, 1934, granted the motion to take off the non-

suit and ordered a new trial. When the second trial began, on March 22, 1937, plaintiffs were allowed to amend the caption of the case by withdrawing the names of the parents as parties, leaving as sole plaintiff Clara Dellacasse, a minor, by her mother and next friend Lena Dellacasse (the father having meanwhile died). At this trial Mrs. Dellacasse and other witnesses testified on behalf of plaintiff, and a verdict for the latter was rendered.

Defendants' principal subject of complaint is the taking off of the nonsuit.

Eliminating from consideration for the moment the delay in making the application, it was clearly within the discretionary power of the court to remove the nonsuit. Defendants urge that such action was not justified by the obtaining of the additional witnesses, since these might have been available at the original trial had plaintiffs exercised due diligence: *Limper v. Philadelphia Electric Co.*, 297 Pa. 204, 210, 211; *Weissbach v. Price*, 328 Pa. 46, 48. They also question the right of Mrs. Dellacasse to qualify herself as a witness by executing a release of her personal claim against defendants, contending that, in order to have such effect under section 6 of the Act of May 23, 1887, P. L. 158, such release of interest must be made in good faith; there is no merit in this contention, because a validly executed and effective release given to the adverse party, as distinguished from a possibly colorable assignment of the interest to a third person, could scarcely be other than in good faith, the question of motive being immaterial: *Walls v. Walls*, 182 Pa. 226, 230; *Darragh v. Stevenson*, 183 Pa. 397, 403.[1] But the conclusive answer to defendant's position

---

[1] Indeed, although we are not called upon to decide the point, much might be said for the proposition that even at the original trial Mrs. Dellacasse was a competent witness in the minor's behalf and was improperly rejected. The rights of action by parent and child are wholly distinct, and are redressed in one suit merely by virtue of the provisions of the Act of May 12, 1897, P. L. 62,

is that a defendant is not entitled as of absolute right to a nonsuit, and therefore cannot complain if it is refused or if, having been granted, it is taken off, a motion to take off being in effect nothing more than a request for reconsideration of its allowance. Since a defendant has a right to binding instructions if a plaintiff fails to make out a case, he does not suffer from the refusal to grant a nonsuit. It is, no doubt, for this reason that the Act of March 11, 1875, P. L. 6, allows an appeal by a plaintiff in case the court in banc refuses to remove a nonsuit, but not by a defendant if the court refuses to enter it, or, having entered it, sets it aside: *Becker v. Saylor,* 317 Pa. 573, 576; *Szmigel v. Director General of Railroads,* 266 Pa. 573. Not being bound, therefore, to grant a nonsuit, taking it off is a matter within the court's discretion: *Fitzpatrick v. Riley,* 163 Pa. 65.[2] In the present

---

section 1. Section 2 of that act provides that separate verdicts and judgments shall be rendered. This act did not merge the two rights of action into one, but affected only the mode or manner of suit: *Ehrlich v. Stiefel,* 94 Pa. Superior Ct. 406; *Rebic v. Gulf Refining Co.,* 122 Pa. Superior Ct. 149, 156. Separate appeals must be taken from each judgment: *Shaw v. Plains Township,* 270 Pa. 387. In order to disqualify a witness under the Act of 1887 because of adverse interest, the interest must be in the outcome of the particular case and not in its remote results; the test is whether the witness will either gain or lose by the direct legal operation and effect of the judgment; the interest must be one that the judgment in the case will operate upon: *Wolf v. Carothers,* 3 S. & R. 240; *Dickson v. McGraw Brothers,* 151 Pa. 98, 100; *Metcalf v. Buck,* 36 Pa. Superior Ct. 58, 66. While, therefore, the mother was incompetent in her own case, it is at least questionable whether she had any such direct interest in a verdict for the minor as would render her incompetent to testify in the latter's action for damages.

[2] Even after a verdict rendered, the exercise of the court's discretion in granting a new trial will not be interfered with on appeal unless the court certifies an erroneous reason for its action which, to the exclusion of all else, controlled its decision: *Class & Nachod Brewing Co. v. Giacobello,* 277 Pa. 530; *Lawrence v. Gillespie,* 300 Pa. 584; *Andrzejewski v. Prudential Insurance Co. of America,* 321 Pa. 543, 547, 548.

case the court below apparently was of the opinion, especially as the interests of a minor were involved, that a further opportunity should be afforded to produce additional and competent evidence, and this exercise of its discretionary power cannot be regarded as reversible error.

The more important question concerning the propriety of the court's action arises from the fact that the application to take off the nonsuit was made after the term in which the nonsuit was entered. Defendants invoke the familiar principle that the common-law power of a court to open or amend its judgments, adversely obtained, ceases with the expiration of the term in which they were rendered: *Mathers' Executor v. Patterson,* 33 Pa. 485; *King v. Brooks,* 72 Pa. 363; *Fisher v. Hestonville, Mantua & Fairmount Passenger Ry. Co.,* 185 Pa. 602; *Pennsylvania Stave Company's Appeal,* 225 Pa. 178. This rule had its early English origin in the manner in which the records there were made up and maintained, and to prevent their alteration after enrollment: *Mathers' Executor v. Patterson,* 33 Pa. 485, 487; *Stephens v. Stephens,* 1 Phila. Rep. 108, 109.[3] It was adopted in this country as a common-law principle, aimed to give finality to judgments which otherwise might be alternately opened and reinstated from term to term and without limit as to time. It has been applied only to adverse judgments, that is, those obtained after a hearing or trial,—not to judgments by confession or, in our State, by default: *King v. Brooks,* 72 Pa. 363; *Pennsylvania Stave Company's Appeal,* 225 Pa. 178; *Rome Sales & Service Station v. Finch,* 120 Pa. Superior Ct. 402, 403,

---

[3] "During the terme wherein any judiciall act is done, the record remaineth in the brest of the judges of the court, and in their remembrance, and therefore the roll is alterable during that terme, as the judges shall direct; but when the terme is past, then the record is in the roll, and admitteth no alteration, averment, or proofe to the contrarie." Co. Litt. 260 a.

404. Of more present importance is the fact that it has never been extended to judgments, orders or decrees which were not final in their effect upon the controversies in which they were rendered. In Pennsylvania a nonsuit, even if entered adversely, does not have the attribute of finality. It is not a bar to another proceeding for the same cause: *Bournonville v. Goodall,* 10 Pa. 133; *Fitzpatrick v. Riley,* 163 Pa. 65, 70; *Bliss v. Philadelphia Rapid Transit Co.,* 73 Pa. Superior Ct. 173. In the last-named case it was said (pp. 176-7) : "While it is true that a compulsory nonsuit after the presentation of the plaintiff's case has the effect of a judgment for the defendant on a demurrer to the evidence to the extent that it puts the plaintiff out of court, its legal effect is entirely different. No judgment is entered on the merits of the case. It is not contended that the court in such procedure could enter judgment for the defendant or against the plaintiff. No appeal is allowed, under the statute, from the action of the court in granting such nonsuit. The right of appeal arises when the court refuses to take off the nonsuit and it is the judgment of the court on the latter question which the plaintiff may have reviewed. If the defendant desires to test the sufficiency of the plaintiff's case on the merits he should demur to the evidence and thereby raise an issue on which the judgment of the court could be taken, but, if he seeks to avoid the risk of such a course and only asks for a nonsuit, when that order is granted, he is not left in a situation to object to a second action on the same cause." It is only if a plaintiff's motion to set aside a nonsuit is refused that the order or judgment, unappealed from, operates conclusively to terminate the right of action: *Fine v. Soifer,* 288 Pa. 164. Since, therefore, a nonsuit does not effect a final disposition of the case, it is not comprehended within the letter, the spirit, or the raison d'être of the rule which ordinarily prevents a court from acting upon a judgment after the expiration of the term in which it was entered.

The Act of March 11, 1875, P. L. 6, fixes no limit of time within which a motion to set aside a compulsory nonsuit must be made. Where a rule of court provides a limit, a plaintiff is bound thereby: *Edelman v. Moser,* 60 Pa. Superior Ct. 637; although the court may waive such a rule in the interest of justice: *Lance v. Bonnell,* 105 Pa. 46; *Murray v. Hoffman,* 115 Pa. Superior Ct. 148. In the present case it appears that in Allegheny County there is a four-day rule governing motions for new trials and judgments n. o. v., but the court below held that it does not include motions to take off non-suits. The interpretation of rules of court is for the court which enunciates them; when it construes the meaning of its own rule, and there is no abuse of power, its conclusion is final: *Haverford Township School District v. Herzog,* 314 Pa. 161; *Richter v. Scranton City,* 321 Pa. 430. Defendants urge that it is unfair to allow a plaintiff to have a compulsory nonsuit removed so long (in this case nine months) after its original entry, but this criticism would apply equally to the opening of judgments by default or confession after the expiration of a similar lapse of time; of course, the court in every such case, should, in exercising its discretion, take into consideration not only the delay in making the application, but any and all circumstances which, in the particular case, would impose unjust hardship upon the other party.[4]

Judgment affirmed.

---

[4] The Procedural Rules Committee appointed by this Court should consider the desirability of a rule fixing a time limit for the making of applications to take off compulsory nonsuits, such as now generally exists in the case of motions for new trials and judgments n. o. v., in order that the practice in this regard may be uniform in all the courts of the Commonwealth.