407 A.2d 891

Harvey John GOULD, a minor, by and through Roy J. Gould
and Betty J. Gould, his parents, and Roy J. Gould and Betty
J. Gould, his wife, Appellants,

v.

Frank R. NICKEL, Sr., and Joan E. Nickel, his wife and Keith
Miller, and Jake J. Miller and Aileen M. Miller, his wife and
Roy J. Gould and Betty J. Gould.

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Decided July 25, 1979.

184

Donald D. Doerr, Butler, for appellants.

William C. Robinson, Butler, for appellees Nickel.

John E. Hall, Pittsburgh, for appellees Miller.

Before PRINCE, HESTER and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This action in trespass, brought by the parents of a minor child in their own behalf and on behalf of the child, resulted in a verdict for the parent plaintiffs, Roy J. and Betty J. Gould, in their own right against the original defendants, Frank R. Nickel, Sr. and Joan E. Nickel and against Keith Miller, one of the additional defendants, but no damages were allowed to the minor plaintiff, Harvey John Gould. Directed verdicts had been entered in favor of the other additional defendants, Jake J. and Aileen M. Miller, and plaintiff Betty J. and Roy J. Gould as additional defendants at the close of plaintiffs' evidence.

Although the trial judge stated that the verdicts were inconsistent in the form they were returned, he accepted them nevertheless. Subsequently, the defendants filed motions to mold the verdict as to the claim of the minor plaintiff to read as being rendered in their favor; and the minor plaintiff filed a motion for a new trial limited to damages. Defendants' motion to mold the verdict was granted and the verdict was molded to read "In favor of the plaintiff parents and against the defendants, Frank R. Nickel, Sr. and Joan E. Nickel, his wife, and the additional defendant, Keith Miller, in the sum of $1500.00, and in favor of the defendants, Frank E. Nickel, Sr., and Joan E. Nickel, his wife, and additional defendant, Keith Miller, and against Harvey John Gould, a minor." Judgments were entered accordingly. After oral argument and consideration of briefs, the minor plaintiff's motion for a new trial was denied and he filed the sole appeal in this litigation which is now before us.

These causes of action arose out of a snowball accident that occurred on defendants' (Nickel) property on March 30, 1975, when and where the minor plaintiff, then age 8, was struck in the eye by a snowball thrown by Keith Miller, then age 16.

■ The only argument presented to us is that the claim of the parents was "derivative" of the conduct of their minor son, so that the verdicts were inconsistent, compelling the grant of a new trial. The lower court rejected this argument on the authority of *Meisel v. Little*, 407 Pa. 546, 180 A.2d 772 (1962). Pennsylvania Rule of Civil Procedure 2228(b)[1] provides:

> If an injury, not resulting in death, is inflicted upon the person of a minor, and causes of action therefore accrue to the minor and also to the parent or parents of the minor, they shall be enforced in one action brought by the parent or parents and the child. Either parent may sue therefor in the name of both; but if the parents live apart the action shall be brought by the parent having the custody of the child and the control of its services.

Our case law clearly establishes that while the causes of action may be required to be jointly tried, they remain distinct causes of action. See *Meisel v. Little*, supra; *Dellacasse v. Floyd*, 332 Pa. 218, 2 A.2d 860 (1938) (fn. 1); *Ehrlich v. Stiefel*, 94 Pa.Super. 406 (1928).

■ The present case appears to be on all fours with *Ehrlich.* Therein, three actions of trespass arising from an accident involving three minors were filed on behalf of the minors and their parents. Verdicts were rendered in favor of the defendant as to the minor plaintiffs but in favor of the parents for the moneys expended by them in connection with their children's injuries. The minors sought new trials because of the inconsistencies of the verdicts. Holding that the actions of the parents were distinct from those of the minors, it was concluded that no inconsistency existed in the

1. The Rule of Civil Procedure superseded and suspended the Act of May 12, 1897, P.L. 62, §§ 1 and 2, 12 P.S. §§ 1625 and 1626 which set forth the same procedure.

verdicts and new trials were refused. In *Rebic v. Gulf Refining Co.*, 122 Pa.Super. 149, 186 A. 236 (1936) we followed *Ehrlich*.

The appellant cites a commentary from Goodrich-Amran 2 on Rule of Civil Procedure 2228(b) in which it is stated that the right of a parent is derivative and should be determined at the same time as the right of the child; and the case of *Parker v. Ryan*, 11 D. & C.2d 436 (1957), in which the same thought is expressed. This unfortunate use of the word derivative was rejected by the court in *Meisel v. Little*, supra, and cannot be accepted as a governing factor in this case. Of course, the right of the parent is a consequence of the accident to their son, but it is not "derived" from his action.

It thus appears that any inconsistency in a verdict or verdicts must be in each independent action and not between verdicts in separate and distinct actions. In the present case, the inconsistency must be found to exist in the action of the minor plaintiff and not between it and the separate action of the parents.

We find no inconsistency in the minor's verdict. The jury was instructed that it might find the minor plaintiff guilty of contributory negligence, and if it did it might deny recovery to him. The fact that the charge did not include the further instruction that the minor's negligence might be imputed to the parents and for that reason prevent recovery on their part, may have been error but such as to prejudice only the defendants and not the minor plaintiff. No exceptions were taken to the charge by any party nor to the acceptance of the verdicts as rendered by the jury; nor have the defendants taken an appeal from the judgment entered on that verdict. The verdict is fully supported by such a finding which is in compliance with the instructions and supported by the evidence.

Appellant seeks a new trial only on the question of damages. In the face of a sustainable verdict for the defendants, this is not allowable. Again it is based on the false premise that inconsistency in the verdicts rendered in these two case justified it.

Judgment for the appellees and additional appellee in the case of the minor Harvey John Gould is affirmed.

HESTER, J., filed a dissenting statement.

HESTER, Judge, dissenting:

I dissent. I would grant a new trial as to the minor plaintiff.