APICELLA, Jerry, Apicella, Valerie, Apicella, John, Plaintiffs,

v.

VALLEY FORGE MILITARY ACADEMY AND JUNIOR COLLEGE, McKinley, John D., Sicoli, Roger T., Derby, R.N., Yvonne, Imperato, Carolyn, and Ballard, M.D., Ian M., Defendants.

Civ. A. No. 85–1065.

United States District Court, E.D. Pennsylvania.

Aug. 27, 1985.

Michael Karasik, Parker, Bluestein, Rutstein & Mirarchi, P.C., Philadelphia, Pa., for plaintiffs.

Kevin H. Wright, LaBrum & Doak, Philadelphia, Pa., for Ballard.

Eric A. Weiss, Liebert, Short, Fitzpatrick & Hirshland, Philadelphia, Pa., for all other defendants.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Plaintiffs Valerie and John Apicella as the parents of Jerry Apicella and Jerry Apicella on his own behalf, brought suit against defendants Valley Forge Military Academy and Junior College ("Valley Forge"), John D. McKinley, a physician's assistant in charge of the Health Center at Valley Forge, Roger T. Sicoli, an administrations officer at Valley Forge, Yvonne Derby, a registered nurse working in the Health Center at Valley Forge, Carolyn Imperato, a nursing assistant at the Health Center, and Ian M. Ballard, M.D., a private physician who served as school physician for Valley Forge at all times relevant to this action. All of the defendants have moved for a judgment on the pleadings and defendant Dr. Ballard has filed a motion for summary judgment. This court has jurisdiction of this matter under 28 U.S.C. § 1332.

Plaintiffs claim that Valley Forge and its employees were negligent in their care of Jerry Apicella. The parents seek to recover for the medical expenses they incurred due to the defendants' alleged negligence and for loss of consortium.

Defendants assert three grounds for granting their motions:

1) plaintiffs have failed to assert their claims within the two year statute of limitations in effect at the time the incident occurred;

2. plaintiffs are estopped by a release signed by John and Valerie Apicella;

3. the remaining diversity claim for a tuition refund does not satisfy the requisite jurisdictional amount.

In August 1982, Valerie and John Apicella enrolled their minor son, Jerry Apicella, as a student at Valley Forge. At that time, Valerie and John Apicella informed the of-

ficials of Valley Forge that Jerry Apicella suffered from hemophilia. To induce Valley Forge to permit their son to enter Valley Forge, Valerie and John Apicella released Valley Forge "from all claims and damages arising from or related to or in any way connected with their son Jerry's hemophilic condition." When Jerry Apicella entered Valley Forge on August 29, 1982, he brought with him medication needed for his hemophilic condition.

On August 30, 1982, Jerry Apicella received medication from defendant McKinley at the infirmary. On September 2, 6, 11, 12 and 13 of 1982, Jerry Apicella went to the infirmary. The parties agree that Jerry Apicella was at the infirmary on these days; however, the number of visits to the infirmary on these days, his condition, and the treatment received are in dispute. On September 15, 1982, Jerry Apicella left Valley Forge. Although the circumstances of his leaving are in dispute, the facts material to the issues before the court are undisputed.

### Discussion

The incidents which gave rise to plaintiffs' claims took place from August 29, 1982 to September 15, 1982. At the time the cause of action arose and when the case was filed, the statute of limitations for personal injury claims was two years; 42 Pa.C.S.A. § 5524. In 1982, 42 Pa.C.S.A. § 5533 provided that:

"Except as otherwise provided by statute, infancy, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter."

In May, 1984, the Pennsylvania legislature amended 42 Pa.C.S.A. 5533(b) to read:

"If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter. As used in this subsection, the term "minor" shall mean any individual who has not yet attained the age of 18."

Jerry Apicella was born on November 2, 1965 and had already reached the age of 18 when the Pennsylvania legislature amended Section 5533 in May, 1984. Therefore, defendants argue that since Jerry Apicella was not a minor at the time Section 5533 was amended, the amendment cannot apply to him. Defendants argue that the law at the time the cause of action arose applies under which plaintiffs are statutorily barred from recovery because Jerry Apicella's last day at Valley Forge was September 15, 1982 and this action was filed in February, 1985, more than five months beyond the two year period.

Plaintiffs argue that Jerry Apicella's cause of action had not been statutorily barred when section 5533 was amended so that he received the benefit of the extension of time to file his action. Under section 5533, as amended, Jerry Apicella had two years after his eighteenth birthday to file a claim. Jerry Apicella became eighteen on November 2, 1983; if plaintiff had until November 2, 1985 to file an action, the February, 1985 filing was timely.

■ No Pennsylvania Supreme Court case has reached this issue; in the absence of such binding precedent, well-reasoned opinions of intermediate appellate courts are persuasive in predicting what the Pennsylvania Supreme Court would do. *McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657 (3rd Cir.1980). "[W]here a claimant filed after the statutory deadline in effect at the date of injury, but the statute is amended effective before the expiration of the original deadline so as to extend the time for filing, and the filing is timely under the amended statute, the claim is governed by the amended statute and the claimant thus benefits from the extension of time." *City of Hazleton v. Workmen's Compensation, Etc.*, 35 Pa. Comwlth. 477, 482, 386 A.2d 1067, 1070 (1978). *See also Seneca v. Yale & Towne Mfg. Co.*, 142 Pa.Super. 470, 16 A.2d 754

(1940); *In Re Condemn. of Real Estate by Carmichaels,* 88 Pa.Commwlth. 541, 490 A.2d 30 (1985).

■ Jerry Apicella's claim was not time barred on June 29, 1984, the effective date of the amendment to 42 Pa.C.S.A. § 5533. Because Jerry Apicella had reached the age of 18 on November 2, 1983, prior to the effective date, defendants claim that the amendment's definition of minor as "any individual who has not yet attained the age of 18" excludes him from the statute's coverage. However, it is clear in context that the amendment's definition of "minor" refers to minority at the time the cause of action accrues. Therefore, Jerry Apicella has the benefit of the statute of limitations as amended because he had not reached the age of eighteen when the cause of action accrued. He had until November 2, 1985 to file this action and his suit is not barred by the statute of limitations.

The defendants allege that applying the 1984 amendment to plaintiffs' claim is a retroactive application of law in violation of 1 Pa.C.S.A. § 1926, "No statute shall construed [sic] to be retroactive unless clearly and manifestly so intended by the General Assembly." But applying 42 Pa.C.S.A. § 5533 in this case is not a retroactive application of law.

■ A retroactive law is one which gives a previous transaction a legal effect different from that which it had under the law in effect when the transaction occurred. *Commonwealth v. Pennsylvania Engineering Corp.* Applying 42 Pa.C.S.A. § 5533 (as amended) gives no new meaning or effect to the events which occurred in 1982. The events which the plaintiffs allege would give rise to the same cause of action whether 42 Pa.C.S.A. § 5533 had been amended or not. Jerry Apicella benefits from a procedural change, but reference to events in the past is not a retroactive application of law *per se.* "... a statute does not operate retrospectively merely because some of the facts or conditions upon which its application depends came into existence prior to its inactment." *Gehris v. Commonwealth Dept. of Transpor-*

*tation,* 471 Pa. 210, 369 A.2d 1271 (1977). *See also Creighan v. Pittsburgh,* 389 Pa. 569, 132 A.2d 867 (1957); *Commonwealth v. Pennsylvania Engineering Corp.,* 54 Pa.Comwlth. 376, 421 A.2d 521 (1980).

■ John and Valerie Apicella contend that their tort claim is derivative of Jerry's claim. If he is entitled to sue, then they are.

"Under Pennsylvania law personal injury to a minor gives rise to two separate and distinct causes of action, one the parents claim for medical expenses and loss of the minor's services during minority, the other the minor's claim for pain and suffering and for losses after minority."

*Olivieri v. Adams,* 280 F.Supp. 428 (E.D. Pa.1968). *See also Dellacasse v. Floyd,* 332 Pa. 218, 2 A.2d 860 (1938); *In re Mikasinovich,* 110 Pa.Super. 252, 168 A. 506 (1933); *Meisel v. Little,* 407 Pa. 546, 180 A.2d 772 (1962). Parents may pursue their claims, arising from tortious injury of their child, even where the child's claim is barred. *Hunt v. Yeatman,* 264 F.Supp. 490 (E.D.Pa.1967). If both the parent and the child have claims against a defendant for injury to the child, the parent may prevail while the child loses. *Gould v. Nickel,* 269 Pa.Super. 285, 407 A.2d 891 (1979). The claims of John and Valerie Apicella are not derivative of their son's claim. Their claim may be barred while his is still assertable.

■ John and Valerie Apicella's tort claim is barred by the two year statute of limitations. 42 Pa.C.S.C. § 5533 provides: "except as otherwise provided by, infancy, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter." John and Valerie Apicella have not averred that they were affected by the conditions of infancy, insanity or imprisonment. As amended, section 5533(b) prevents the *years of minority* from being included in the statute of limitations' running time. John and Valerie Apicella were over the age of 18 at all times relevant; they received no benefit

from the amendment of § 5533. Their cause of action accrued on September 13, 1982. John and Valerie Apicella had two years (until September 13, 1984) to assert it. Their cause of action filed in February, 1985 is untimely and is barred by the statute of limitations, 42 Pa.C.S.A. § 5524.

■ Defendants also argue that the minor plaintiff is estopped from asserting his claims because a release signed by John and Valerie Apicella on September 2, 1982 bars the claims of all plaintiffs. The document released Valley Forge from claims and damages arising from Jerry Apicella's hemophilic condition. Jerry Apicella's claims are not affected by the release signed by his parents. Under Pennsylvania law, parents do not possess the authority to release the claims or potential claims of a minor child merely because of the parental relationship. *Crew v. Bartels,* 27 F.R.D. 5 (E.D.Pa.1961); *Commonwealth v. Rothman,* 209 Pa. 180, 223 A.2d 919 (1966); *Myers v. Sezov,* 39 Pa. D & C 2d 650 (1966); *Langdon v. Strawhecker,* 46 Pa. D & C 2d 764 (1969). John and Valerie Apicella released the defendants from potential claims which they had the right to assert but did not release the defendants from claims or potential claims which Jerry Apicella might assert upon reaching the age of majority.

Finally, plaintiffs John and Valerie Apicella have a contract claim against defendant Valley Forge for $2,558.76 [1] for return of Jerry Apicella's tuition, room and board. Defendant contends that because the other claims alleged by John and Valerie Apicella are barred by the statute of limitations, the court has no jurisdiction of the contract claim because it is below the $10,000 jurisdictional amount required by 28 U.S.C. § 1332.

■ The parents must state a claim for the requisite jurisdictional amount independent of their son's claim, but jurisdiction is determined as of the time of filing.[2] Subsequent events, such as a bar by a statute of limitations will not serve to rob the plaintiff of once valid jurisdiction. *Saint Paul Mercury Indemnity Company v. Red Cab Company,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938) and *Wade v. Rogala,* 270 F.2d 280 (3d. Cir.1959). Since the parents had a colorable claim in excess of $10,000 when the action was filed, the contract claim in Count VI will not be dismissed for lack of the requisite jurisdictional amount.

Defendants' motion for judgment on the pleadings and Dr. Ballard's motion for summary judgment will be denied with respect to the claims of Jerry Apicella and with respect to John and Valerie Apicella's contract claim. These motions will be granted with respect to John and Valerie Apicella's tort claims. An appropriate Order follows.

---

1. Originally, the contract claim was for $7,432.15. It has been reduced to $2,448.76 because John and Valerie Apicella accepted a rebate of $4,873.39 from Valley Forge.

2. The claims of John and Valerie Apicella are distinct and separate from Jerry Apicella's claim. *Olivieri v. Adams, supra.* When several plaintiffs with separate claims file an action in federal court based on diversity of citizenship, each plaintiff must satisfy the $10,000 requirement of 28 U.S.C. § 1332. *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).