561 A.2d 1261

Raminik HATHI & Shushila Hathi, Individually and in
Their Own Right, and as Parents and Natural
Guardians of Shamil Hathi, a Minor, Appellants,

v.

KREWSTOWN PARK APARTMENTS and Lipton
& Fogel, Appellees.

Superior Court of Pennsylvania.

Argued April 25, 1989.

Filed July 19, 1989.

Brian P. Meehan, Philadelphia, for appellants.

Earl T. Britt, Philadelphia, for appellees.

Before McEWEN, OLSZEWSKI and MELINSON, JJ.

OLSZEWSKI, Judge:

Appellants, Raminik Hathi and Shushila Hathi, appeal from an order of the trial court granting appellees' motion for partial summary judgment. Appellants urge us to interpret 42 Pa.C.S.A. § 5533(b), which provides an infancy exception to time for commencing an action, as including parents' claims for medical expenses and loss of minor's services due to personal injury to a minor child. For reasons that follow, we affirm.

On October 29, 1986, appellants commenced suit to recover damages in their own right and on behalf of their minor son, Shamil, for personal injuries sustained by him on appellees' property, the Krewstown Park Apartments. Appellants' complaint averred that on September 6, 1984, "while minor was playing behind Building H ... he was caused to suffer serious injuries when his bicycle hit a ditch and/or gutter and the handlebars of his bicycle which caused internal damage to his pancreas." Complaint at 2. Appellants' complaint requested recovery on behalf of Shamil for pain and suffering and present and future medical expenses (Count I) and in their own right for expenditures and lost income (Count II).

In their answer and new matter and a motion for partial summary judgment, appellees asserted that appellants' claim in their own right was barred by the statute of limitations. 42 Pa.C.S.A. § 5524.[1] On April 21, 1988, the trial court granted appellees' motion for partial summary judgment on Count II of appellants' complaint. This timely appeal followed.

Our standard of review on the granting of a motion for summary judgment is well settled.

---

1. 42 Pa.C.S.A. § 5524 provides in pertinent part:
   **Two year limitation**
   The following actions and proceedings must be commenced within two years: ...
   (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

Summary judgment should not be entered unless the case is free from doubt. *Weiss v. Keystone Mack Sales, Inc.*, 310 Pa.Super. 425, 456 A.2d 1009 (1983). The relief should be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact that the moving party is entitled to judgment as a matter of law. Pa.R.C.P., Rule 1035, 42 Pa.C.S.A.; *Hower v. Whitmak Associates*, 371 Pa.Super. 443, 538 A.2d 524 (1988). On review, the record must be examined in a light most favorable to the non-moving party, and in doing so all well-pleaded facts in the non-moving party's pleadings are accepted as true and that party is given the benefit of all reasonable inferences to be drawn therefrom. *Spain v. Vincente*, 315 Pa.Super. 135, 461 A.2d 833 (1983).

*Neil v. Allstate Insurance Co.*, 379 Pa.Super. 299, 302, 549 A.2d 1304, 1305 (1988).

With these principles in mind, we address appellants' contention that summary judgment was improper. Appellants urge that their claim in their own right "attaches to the minor's claim under 42 Pa.C.S.A. § 5533(b), and should accordingly be preserved as it arises out of the same incident and is joined with their claim on behalf of the minor child." Appellants' brief at 6. We begin our discussion by delineating 42 Pa.C.S.A. § 5533:

§ 5533. **Infancy, insanity or imprisonment**

(a) **General rule.**—Except as otherwise provided by statute, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter.

(b) **Infancy.**—If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter. As

used in this subsection the term "minor" shall mean any individual who has not yet attained the age of 18.

While no appellate court in this Commonwealth has specifically addressed appellants' contention, we find a Federal District Court decision discussing 42 Pa.C.S.A. § 5533 to be instructive:

> [Parents] contend that their tort claim is derivative of [son's] claim. If he is entitled to sue, then they are.
>
> > "Under Pennsylvania law personal injury to a minor gives rise to two separate and distinct causes of action, one the parents claim for medical expenses and loss of the minor's services during minority, the other the minor's claim for pain and suffering and for losses after minority."
>
> *Olivieri v. Adams*, 280 F.Supp. 428 (E.D.Pa.1968). *See also Dellacasse v. Floyd*, 332 Pa. 218, 2 A.2d 860 (1938); *In re Mikasinovich*, 110 Pa.Super. 252, 168 A. 506 (1933); *Meisel v. Little*, 407 Pa. 546, 180 A.2d 772 (1962). Parents may pursue their claims, arising from tortious injury of their child, even where the child's claim is barred. *Hunt v. Yeatman*, 264 F.Supp. 490 (E.D.Pa.1967). If both the parent and the child have claims against a defendant for injury to the child, the parents may prevail while the child loses. *Gould v. Nickel*, 268 Pa.Super. 183, 407 A.2d 891 (1979). The claims of [parents] are not derivative of their son's claim. Their claim may be barred while his is still assertable.
>
> [Parents'] tort claim is barred by the two year statute of limitations. 42 Pa.C.S.[A]. § 5533 provides: "except as otherwise provided by [statute], infancy, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter." [Parents] have not averred that they were affected by the conditions of infancy, insanity or imprisonment. As amended, section 5533(b) prevents the *years of minority* from being included in the statute of limitations' running time. [Parents] were over the age of 18 at all times

relevant; they received no benefit from the amendment of § 5533.

*Apicella v. Valley Forge Military Academy and Junior College,* 630 F.Supp. 20, 23–24 (E.D.Pa.1985) (emphasis in original).

We find the facts of *Apicella* to be analogous to the case at bar and the rationale of *Apicella* to be compelling. Appellants' claim is not derivative of Shamil's claim and appellants have not alleged that they were affected by the conditions of infancy, insanity or imprisonment. Appellants, therefore, do not receive the benefit of § 5533(b). Accordingly, the trial court properly determined that their claim was barred by the two-year statute of limitations.

Order affirmed.