**Benedict v. Slifko**

510

*Wesley M. Wasylik,* for plaintiffs.
*Colin Fitch,* for defendants.

TERPUTAC, *J.,* December 26, 1995—In their motion for summary judgment the original defendants contend that no genuine issue of material fact exists, and so they are entitled to summary judgment dismissing the claims of the plaintiffs.

The motor vehicle accident giving rise to the claims occurred on September 25, 1992, in Fallowfield Township, Washington County, Pennsylvania. As the plaintiff-husband was operating a Corvette vehicle, his wife

being a passenger, in a westerly direction on Interstate 70, a Mazda vehicle struck the rear of the plaintiffs' vehicle causing the Corvette to roll over. The plaintiffs were injured. At the time the Mazda was owned by the defendant Judy Foutz and was operated by the defendant, Cory A. Slifko.

Against Cory A. Slifko, the allegations are negligence and driving under the influence of alcohol; against Judy Foutz, employer or master of Cory A. Slifko within the scope of employment; and against Robert Eisiminger, negligent entrustment of the Mazda vehicle to Cory A. Slifko, knowing that Slifko was under the influence of alcohol which rendered him incapable of safe driving. After his arrest, Slifko was accepted into the Accelerated Rehabilitative Disposition Program of Washington County.

At the time the plaintiffs were insured by an automobile policy containing a limited tort alternative. We believe that the proper way to assess the merits of the motion for summary judgment is to determine initially whether the wife-plaintiff has presented sufficient evidence that she sustained a serious injury under the Pennsylvania Motor Vehicle Financial Responsibility Law.[1] If she has presented sufficient evidence, she may proceed with her civil suit against all defendants. If the court determines that she has not presented sufficient evidence of a serious injury, against whom may the plaintiffs proceed in their civil suit?

I

In determining whether to grant a motion for summary judgment the trial court must accept as true all well-

---

1. On behalf of the husband, counsel has not argued in his brief or at oral argument that husband was seriously injured.

pleaded facts relevant to the issues in the non-moving party's pleadings, and give to him or her the benefit of all reasonable inferences to be drawn therefrom. *Larsen v. Philadelphia Newspapers Inc.*, 411 Pa. Super. 534, 602 A.2d 324 (1991); *Jefferson v. State Farm Insurance*, 380 Pa. Super. 167, 170, 551 A.2d 283, 284 (1988). Summary judgment should not be entered unless the case is clear and free from doubt. *Hathi v. Krewstron Park Apartments*, 385 Pa. Super. 613, 615, 561 A.2d 1261, 1262 (1989). A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions of record, and affidavits on file support the trial court's conclusions that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035. See *Penn Center House Inc. v. Hoffman*, 520 Pa. 171, 176, 533 A.2d 900, 903 (1989) (entire record before trial court must be thoroughly examined and all doubts as to the existence of a genuine issue of material fact are to be resolved against a grant of summary judgment). A non-moving party may not rely merely upon controverted allegations in the pleadings, but must set forth specific facts by way of affidavit, or in some way as provided by Pa.R.C.P. 1035(b), demonstrating that a genuine issue exists. *DeWeese v. Anchor Hocking Consumer and Industrial Products Group*, 427 Pa. Super. 47, 53, 628 A.2d 421, 424 (1993); *Ressler v. Jones Motor Co. Inc.*, 337 Pa. Super. 602, 609, 487 A.2d 424, 428 (1985). The court must ignore controverted facts contained in the pleadings and restrict its review to material filed in support of and in opposition to a motion for summary judgment and to those allegations in pleadings that are uncontroverted. *Overly v. Kass*, 382 Pa. Super. 108, 554 A.2d 970 (1989). Nonetheless, the mere fact that a party failed to submit

counter-affidavits does not automatically render summary judgment appropriate; it is preliminarily imperative that the moving party's evidence clearly dispel the existence of any genuine factual issue. *Atkinson v. Haug,* 424 Pa. Super. 406, 410, 622 A.2d 983, 985 (1993); *Brecher v. Cutler,* 396 Pa. Super. 211, 578 A.2d 481 (1990). But, "[b]old unsupported assertions of conclusory accusations cannot create genuine issues of material fact." *McCain v. Pennbank,* 379 Pa. Super. 313, 318-19, 549 A.2d 1311, 1313-14 (1988). Nonetheless, the mere fact that a party fails to submit counter-affidavits does not automatically render summary judgment appropriate; it is preliminarily imperative that the moving party's evidence clearly dispel the existence of any genuine factual issue. *Knecht v. Citizens & Northern Bank,* 364 Pa. Super. 370, 376, 528 A.2d 203, 206 (1987).

Pursuant to *Dodson v. Elvey,* 445 Pa. Super. 479, 665 A.2d 1223 (1995), it is the function of the court to make an initial determination whether the plaintiff has sustained a serious injury.

The limited tort option provided under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq., authorizes the insurer to offer automobile insurance coverage at reduced premium rates to insureds who give up the right to sue for non-economic damages such as pain and suffering. Where the plaintiff with the limited tort option, however, can demonstrate that he or she has sustained "serious injury" in an automobile accident, then he or she may file a complaint for full economic and non-economic damages.

Serious injury is defined as follows:

"A personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. §1702.

The only issue presented in this first argument is whether the wife-plaintiff has presented sufficient evidence that she has sustained a serious injury. To put it another way, has the plaintiff presented enough evidence to create a triable issue of material fact on the issue whether she has sustained a serious injury and thus may carry her case across the limited tort threshold? *Dodson* is instructive on this point. There the plaintiff demonstrated a broken elbow, rotator cuff injury, pain in the neck, arm, and shoulder. The Superior Court affirmed the trial court, holding that the evidence revealed an objectively identifiable injury which has been resolved, leaving only slight limitations in arm function. Not only must an impairment of a body function be demonstrated but also the impairment must be *serious*. Addressing these issues, the court stated:

"We turn to the facts in this case, and the trial court's conclusion that appellant's injuries could not constitute a 'serious impairment of body function.' We conclude that there is no genuine issue of material fact with respect to the nature and extent of appellant's injuries. First, it is undisputed that appellant was injured in the January 11, 1992 accident. Although he does not specify in his complaint what particular body function was impaired, we infer from the evidence that he claims impairment of the use of his right arm. His deposition testimony states that he could not use his arm throughout January 1992. Obviously, appellant suffered an 'impairment' of a body function.

"We must further analyze the impairment under the *DiFranco* outline, and considering our legislature's other uses of the term, to discover if the impairment was 'serious.' We focus on how the injuries affected the arm function, the extent of the impairment, the duration of the impairment, the treatment required to correct the impairment, and any other relevant factors. . . .

"Appellant was out of work from the date of the accident until May 1992. He wore an arm sling during this time. On May 21, 1992, his doctors released him to work with a full range of motion and no restrictions. His return to work led to muscle soreness that quickly resolved. Treatment during this period of recovery involved physical therapy, moist heat, ultrasound, home exercises, and two injections. Appellant remains gainfully employed in his former occupation with no limitations on his duties. Appellant claims to have continued weakness, and does not engage in recreational bowling, weight lifting or softball, but he receives no treatment or prescription medication for pain. The objective identification of a bone bruise was stated to be of no functional consequence.

"We agree with the trial court's assessment that the evidence reveals an objectively identifiable injury which has resolved, leaving only slight limitations in arm function. Although we do recognize that subjective complaints of pain may result in a serious impairment of body function, this is not such a case. We conclude that the record shows no serious interference with appellant's daily life, and that there is no triable issue of fact that appellant suffered a minor rather than a serious injury. We therefore affirm the entry of summary judgment below in favor of appellee." *Id.* at 500-501, 665 A.2d at 1234-35. (citation omitted)

What has the wife-plaintiff demonstrated in this case to justify her claim that she has sustained a serious injury, *i.e.,* impairment of body function? First, we note that no medical report or expert opinion has been placed into the record. Second, her deposition shows she suffered pain in the neck and back, lacerations, and headaches. She underwent physical therapy for about a year and a half, from three times a week reduced to once

a week as time went by. She takes Voltaren, an anti-inflammatory drug. At her employment she says she cannot sit for long periods, but she has continued her employment. She relies on her husband to help her with the housework. The conclusions from her deposition are inescapable: she has indeed sustained some pain, but she has not suffered an impairment of body function and she certainly has not suffered a serious injury. Soft tissue injury and associated pain in this kind of scenario are insufficient.

As a matter of law the wife-plaintiff cannot proceed with her claim for full economic and non-economic damages. No evidence was presented to show that the plaintiff-husband suffered any serious injury as a result of the accident, and so he may not proceed under this theory.

## II

At this point, the Motor Vehicle Financial Responsibility Law provides another exception, *i.e.,* where a defendant has been convicted or accepted into ARD with respect to driving under the influence of alcohol, that defendant subjects himself to full tort liability. The so-called alcohol exception is set forth in 75 Pa.C.S. §1705(d)(1)(i), which provides as follows:

"(1) An individual otherwise bound by the limited tort election who sustains damages in a motor vehicle accident as the consequence of the fault of another person may recover damages as if the individual damaged had elected the full tort alternative whenever the person at fault:

"(i) is convicted or accepts Accelerated Rehabilitative Disposition (ARD) for driving under the influence of alcohol or a controlled substance in that accident;"

The plaintiffs have brought this civil suit against three individuals, only one of whom, Cory A. Slifko, was accepted into the ARD program. In the motion before the court, the moving defendants have averred that the plaintiffs, by suing all three defendants, have waived the limited tort exception which allows an individual who would be otherwise bound by the limited tort to bring an action for full damages with respect to a person convicted or subjected to ARD. In effect, the defendants have maintained that the plaintiff has given up the right to seek economic and non-economic damages by suing all defendants.

We believe it is immaterial that more than one defendant has been sued. The legislature has determined that a drunken driver is not entitled to protection from full tort liability, given the gravity of drunken driving accidents. We should give effect to all the provisions of a statute and avoid any result which is absurd or unreasonable. *Wilson v. Central Penn Industries Inc.,* 306 Pa. Super. 146, 150, 452 A.2d 257, 259 (1982); 1 Pa.C.S. §1921. The statute does not preclude a civil suit for non-economic damages against other defendants who may be liable. Rather the statute focuses on the full liability of the drunken driving defendant, not other possible defendants. The consequences of the interpretation favored by the defendants would lead to unreasonable results. If the plaintiff-driver is partly at fault along with the drunken driver, merely because the plaintiff may be "another person at fault" should not excuse the defendant who was intoxicated. Nor should we penalize the plaintiff because he or she has chosen to bring suit against others who may be liable. However, it is similarily unreasonable to hold that the plaintiff cannot proceed against defendants who were not intoxicated under the alcohol exception to limited

tort option merely because one of the defendants was intoxicated. We believe that the proper interpretation of this statute is to hold drunken drivers accountable for full economic and non-economic damages.

In the instant case the plaintiffs may not proceed with their civil suit against Foutz and Eisiminger, for the plaintiffs have not crossed the threshold of serious injury. As to Slifko, the plaintiffs may proceed with their civil case for full tort damages, because he was a drunken driver under the statute.

## ORDER

And now, December 26, 1995, the motion for summary judgment is granted in favor of Judy Foutz and Robert Eisiminger, two of the defendants, and against Louis Benedict and Judith Benedict, plaintiffs.

The motion for summary judgment by Cory A. Slifko is denied.

Upon praecipe the prothonotary shall enter judgment in accordance with this opinion and order.